# ACTION ON PHYSICAL EVALUATION BOARD FINDINGS AND RECOMMENDED DISPOSITION

PRIVACY ACT STATEMENT

*Authority: 10 U.S.C. 8013 AND E.O. 9397*
*Purpose: To process disability cases. SSN is necessary to ensure positive identification.*
*Routine Uses: None*
*Disclosure is Voluntary: Refusal to divulge information may jeopardize entitlement to disability benefits.*

## I. PERSONNEL DATA

| MEMBER (Last, First, Middle initial) | SOCIAL SECURITY NO | GRADE |
|---|---|---|
| WEBSTER, WILMA P. | 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 | MAJOR |

## II. PEB ACTION

THE FINDINGS AND RECOMMENDED DISPOSITION OF THE PHYSICAL EVALUATION BOARD *(PEB)* PERTAINING TO THE ABOVE NAMED MEMBER ARE INDICATED ON AF FORM 356.

| DATE | SIGNATURE OF PEB PRESIDENT, PEB REPRESENTATIVE, OR PEB LIAISON OFFICER |
|---|---|
| 28 JAN 99 | CHARLES J. MANGANELLO, COLONEL, USAFR |

## III. COUNSELING ACTION

I HAVE FULLY EXPLAINED TO THE MEMBER *(or next of kin or guardian) (in person or by letter)* THE LEGAL RESULTS OF THE FINDINGS AND RECOMMENDED DISPOSITION OF THE PEB AND OF THE APPLICABLE CASE PROCESSING PROCEDURES AND APPEAL RIGHTS *(if next of kin or guardian acts for evaluee, show name, address, and relationship in Section V, below.)*

| DATE | SIGNATURE OF COUNSEL, PEB REPRESENTATIVE, ~~OR~~ PEB LIAISON OFFICER |
|---|---|
| 28 JAN 99 | TERRENCE J. MARTIN, ATTORNEY AT LAW |

## IV. ACTION BY THE MEMBER, NEXT OF KIN, OR GUARDIAN

| TO: | ADDRESS OF PEB |
|---|---|
| PRESIDENT<br>USAF PHYSICAL EVALUATION BOARD | USAF FORMAL PEB/DPPDF<br>2320 CARSWELL AVE STE 3<br>LACKLAND AFB TX 78236-5607 |

HAVING BEEN ADVISED OF THE LEGAL RESULTS OF THE FINDINGS AND RECOMMENDED DISPOSITION OF THE PEB *(as indicated on AF Form 356)* AND THE APPLICABLE CASE PROCESSING PROCEDURES AND APPEAL RIGHTS *(Check only one block)*

| | |
|---|---|
| WW | I AGREE WITH THE FINDINGS AND RECOMMENDED DISPOSITION OF THE PEB. |
| N/A | I DO NOT AGREE WITH THE FINDINGS AND RECOMMENDED DISPOSITION OF THE INFORMAL PEB AND DEMAND A FORMAL HEARING OF THE CASE. *(Informal cases only) (Member is encouraged to submit a brief rebuttal stating reason for disagreement.)* |
| | I DO NOT AGREE WITH THE FINDINGS AND RECOMMENDED DISPOSITION OF THE FORMAL PEB HEARING. I *(do)* *(do not)* DESIRE TO SUBMIT A REBUTTAL. *(Formal hearing cases only.)* |

| DATE | SIGNATURE OF MEMBER, NEXT OF KIN, OR GUARDIAN |
|---|---|
| 28 JAN 99 | Wilma P. Webster MAJ |

## V. NEXT OF KIN OR GUARDIAN DATA

| NEXT OF KIN *(or guardian)* | ADDRESS | RELATIONSHIP |
|---|---|---|
| | | |

REMARKS:

AF FORM 1180, SEP 98 (EF-V1) PREVIOUS EDITIONS ARE OBSOLETE

95

# REQUEST AND AUTHOR. TION FOR PERMANENT CHANGE O. . ATION - MILITARY

*(This Form is Subject to the Privacy Act of 1974 - Use Blanket PAS - AF Form 11)*

| | | | | |
|---|---|---|---|---|
| The following individual will proceed on permanent change of station. | | PCS Without PCA | X | PCS With PCA | TED AUG. 99 |

| | | |
|---|---|---|
| 1. GRADE, NAME *(Last, First, Middle Initial)* MAJ WEBSTER WILMA P | 2. SSN 572543446 | 3. SDAFSC/CAFSC 044E3 |
| 4. SECURITY CLEARANCE *(Include date of last investigation)* SECRET NAC 920922 | 5. REPORT TO COMDR. NEW ASSIGNMENT NLT 990831 | 6. TRAVEL DAYS AUTHORIZED IF TRAVELING BY PRIVATELY OWNED CONVEYANCE 004 |

7. TDY ENROUTE

| | |
|---|---|
| 8. UNIT, MAJOR COMMAND, AND ADDRESS OF UNIT TO WHICH ASSIGNED<br>55 MEDICAL OPERATIONS SQ (ACC)<br>OFFUTT AFB NE 68113-2160 | 9. UNIT, MAJOR COMMAND, AND ADDRESS OF UNIT FROM WHICH RELIEVED<br>24 MEDICAL OPERATIONS SQ (ACC)<br>HOWARD AFB PANAMA<br>APO AA 34001 |

| | | | | |
|---|---|---|---|---|
| 10. TYPE OF TOUR *(Check One)* | ACCOMPANIED | UNACCOMPANIED | 11. TOUR LENGTH *(Total No. of Months)* | 12. EXTENDED LONG TOUR VOL |
| | UNACCOMPANIED, DEPENDENTS RESTRICTED | | | |

13. DEPENDENT TRAVEL
- A. CONCURRENT TRAVEL IS AUTOMATIC
- B. CONCURRENT TRAVEL IS APPROVED
- C. NONCONCURRENT TRAVEL IS AUTHORIZED IN LESS THAN 20 WEEKS
- D. NONCONCURRENT TRAVEL IS AUTHORIZED IN MORE THAN 20 WEEKS
- E. TRAVEL IS AUTHORIZED TO A DESIGNATED PLACE

14. THIS IS A JOIN-SPOUSE ASSIGNMENT *(Include spouse's grade, name and SSN)*

15. AUTHORITY FOR CCTVL

16. HOMEBASING/FOLLOW-ON ASSIGMENT *(Include AAN, GPAS, and RNLTD)*

17. DEPENDENT(s): *(List names, DOB of Children, relationship to member and current address)*
N/A

18. DEPARTURE CERTIFICATION: I certify that to the best of my knowledge I will depart PCS at 10:00 *(hrs)* 20 AUG 99 *(date)*
Wilma P. Webster
*(Signature)*

19. OVERSEAS TRANSPORTATION DATA

| | | | |
|---|---|---|---|
| X | A. Comply with MTA (DD Form 1482) | | C. TDY station will obtain flight reservations. Member is not authorized to depart TDY station before receipt of validated MTA or GTR (SF1169) from the TMO |
| X | B. Member will comply with reporting time and flight reservations in the MTA or as arranged by the TMO per AFI 24-10, and is not authorized to depart this station before receipt of validated MTA or GTR (SF1169) from the TMO. | | D. Dependent(s) will comply with reporting data and flight reservations in the MTA. |

20. PCS EXPENSE CHARGEABLE TO *(Insert M,D,H,I,G,F,A,S,C,T, or Y)*
5793500 329 5771.0*875825
CIC: 4 5 948 0070 875825 TAC: F97D ATAC: F97D10*
NONTEMPORARY STORAGE CHARGEABLE TO: 5793500 329 5778.0N 875825

21. AUTHORITY AND PCS CODE
PCS ID: AFI 36-2110,PCS ID J
AAN: 0890NF0291

22. TDY EXPENSE CHARGEABLE TO

23. Excess Baggage Authorized
PIECES LBS

Pursuant to AFR 32-6001, you will report to the base housing referral office servicing your new duty station before entering into any rental, lease, or purchase agreement for off-base housing.

24. *REMARKS (Submit travel voucher within 5 workdays after completion of travel. If TDY en route is authorized, attach receipts showing cost of all lodgings used. All promotional items incurred with PCS/TDY must be turned in to AFO upon arrival at gaining base.)*
*PCS ADSC:* 12 MONTH *Training ADSC:* N/A *(see AFI 36-2107).*
REVERSE ITEMS APPLY: 1, 2, 3, 4, 7 AND 8

| | | |
|---|---|---|
| 25. DATE<br>29 JUN 99 | 26. MPF OFFICIAL *(Typed Name, and Grade)*<br>JOSEPH J. BAGDON, MSGT, USAF<br>CHIEF, RELOCATIONS & EMPLOYMENT | 27. SIGNATURE OF MPF OFFICIAL |

| | | |
|---|---|---|
| 28. DESIGNATION AND LOCATION OF HEADQUARTERS DEPARTMENT OF THE AIR FORCE<br>24TH MISSION SUPPORT SQ (ACC)<br>HOWARD AFB PANAMA/APO AA 34001 | 29. SPECIAL ORDER NO.<br>AA-2116 | 30. DATE<br>29 JUN 99 |
| | 31. TDN FOR THE COMMANDER | |
| 32. DISTRIBUTION<br>A | 33. SIGNATURE ELEMENT OF ORDERS AUTHENTICATING OFFICIAL<br>THOMAS A. LEWIS, MSGT, USAF<br>CHIEF, MILITARY PERSONNEL FLT | |
| 34. ADDRESS OF GAINING MPF<br>55 MSS OFFUTT AFB NE 68113 | | |

AF FORM 899, MAY 95 *(PC-III Computer Generated)* PREVIOUS EDITION IS OBSOLETE

96

**DEPARTMENT OF THE AIR FORCE**
AIR EDUCATION AND TRAINING COMMAND

15 January 2000

MEMORANDUM FOR 55 MDG/SGH

FROM: 81 MDG/SGOE (Major (Dr.) James DiStefano)

SUBJECT: Emergency Medicine Skills Evaluation, Major (Dr.) Wilma Webster

On 15 November 1999, I received a request from Major (Dr.) Marcus S. Fisher, Chief of Medical Staff, 55 MDG, Offutt AFB, Nebraska, requesting my staff's assistance in evaluating the medical skills of Major (Dr.) Wilma Webster as they pertain to Emergency Medicine. Keesler AFB, Mississippi is home to the Air Force's 2nd largest Emergency Services Department with an annual patient volume of 30,000-35,000 visits per year. Six of our nine board certified/eligible physicians were asked to evaluate Dr. Webster, two were on leave or otherwise out of the department during Major (Dr.) Webster's evaluation period, and I intentionally removed myself from the evaluation process to keep the process unbiased.

Major (Dr.) Marcus Fisher provided me with some details of Major (Dr.) Webster's background, which I purposely kept from the staff. I explained to the staff that Major (Dr.) Webster was here to be evaluated on her skills pertaining to our specialty; that she was to be evaluated with the question "Can she manage an Emergency Room by herself for a 12-hour shift on a repeated basis?" I explained to my staff that she had been out of patient care for almost 1 year and to also evaluate her thought processes on each case by case basis.

At the end of the valuation, each provider completed an Air Force Form 1562 with his or her recommendations (enclosed in this report). I reviewed each one separately and, based upon these findings, would have to recommend the following in response to Major (Dr.) Fisher's request:

1. It would not be prudent to leave Major (Dr.) Wilma Webster alone and in charge of an Emergency Department.
2. Major (Dr.) Webster is not a competent Emergency Physician.
3. Most (but not all) of the evaluators feel that Major (Dr.) Webster could perform in a satisfactory manner in a controlled, slower clinic setting. They felt that Major (Dr.) Webster had good clinical knowledge in most settings, but all agreed that Major (Dr.) Webster can not handle the "multi-tasking" needed in the Emergency Medicine Specialty.

I encourage you to read the enclosed evaluations. Keep in mind this was a brief evaluation and 2 weeks is not enough to completely evaluate one's skills in all areas. I will forward this to the 81 MDG/SGH, Colonel (Dr.) Stephen McDavid, for his final additions.

James S. Distefano

JAMES S. DISTEFANO, Major, USAF, MC
Chief, Emergency Services
Keesler AFB, MS

Attachment: AF Form 1562

CC: Colonel (Dr.) Stephen McDavid

Att. # 1397

(POST ROTATION RECOMMENDATION)

## CREDEN LS PRIVILEGE LIST - EMERGENC EDICINE

*AUTHORITY: Title 10, U.S.C. Chapter 55 and Section 8067 and 8012*
*PRINCIPAL PURPOSE(S): To evaluate each practitioner's formal education, training, clinical experience, and evidence of physical, moral and ethical capacities and to assist the Credentials Committee in making recommendations with regard to the practitioner's competence to treat certain conditions and perform certain medical procedures.*
*ROUTINE USE(S): Information may be released to government boards or agencies or professional societies or organizations if needed to license or monitor professional standards of health care practitioners. It may also be released to civilian medical institutions or organizations where the practitioner is applying for staff privileges during or after separating from the service.*
*DISCLOSURE IS VOLUNTARY: However, failure to provide information may result in the limitation or termination of clinical privileges.*

### INSTRUCTIONS

Part I. List of Privileges: The PRACTITIONER enters the appropriate code number in the block marked REQUESTED for each privilege. Each block must have a code number. The practitioner signs and dates the form and sends it to his or her supervisor.

Part II. Supervisor's Recommendation: The supervisor reviews the requested privileges and checks one of the blocks, signs and dates the form and sends it to the Credentials Function Chairperson.

The Credentials Function Chairperson enters the appropriate code number in the block marked APPROVED for each privilege. Each block must have a code number.

The Medical Facility Commander: acting on the recommendations of the credentials function, awards, renews, and revises individual provider privileges.

Revisions and Corrections: To change a code number, the originator of the revision forwards a written request with supporting documentation to the Credentials Function Chairperson. The function sends its recommendation to the Medical Facility Commander in turn. If approved, the Credentials Function Chairperson makes the change(s) in pen, initials, and dates each, and notifies the provider in writing of the decision. Any corrections must be initialed in pen. The credentials function may require that the provider to complete a new privilege list.

CODES:
1. **Fully competent within defined scope of practice; clinical oversight of some non-physician providers is required as defined in AFI 44-102.**
2. **Supervision required; unlicensed/uncertified, requires verification of credentials, or provider lacks current relevant experience.**
3. **Not approved due to lack of facility support (Reserved for Credentials Function use only).**
4. **Not requested/approved due to lack of expertise.**

| NAME OF PRACTITIONER *(Last, First, Middle Initial)* | NAME OF MEDICAL FACILITY |
|---|---|
| WEBSTER, WILMA | KEESLER MEDICAL CENTER |

**I. LIST OF PRIVILEGES - EMERGENCY MEDICINE**

| Requested | Approved | | Requested | Approved | |
|---|---|---|---|---|---|
| 1 | 4 | A. Provide initial emergency care as appropriate for true life-threatening emergencies. | 1 | 2 | 30. Urinary calculi |
| | | | 1 | 1 | 31. Urinary tract infections |
| | | B. Provide initial management without | 1 | 2 | 32. Screening of ambulance calls |
| 1 | 2 | 1. Minor lacerations | 1 | 2 | 33. Pediatric illness |
| 1 | 2 | 2. Major lacerations | | | C. Procedures |
| 1 | 2 | 3. Minor respiratory illness | 1 | 2 | 1. Oral/nasopharyngeal airway insertion |
| 1 | 2 | 4. Acute respiratory illness | 1 | 2 | 2. Endotracheal intubation |
| 1 | 4 | 5. Pulmonary embolism | 1 | 2 | 3. Nasotracheal intubation |
| 1 | 2 | 6. Minor gastrointestinal illness | | | 4. Use of Laryngeal Mask Airway |
| 1 | 2 | 7. Acute abdominal illness | | | 5. Trans-tracheal suctioning |
| 1 | 2 | 8. Minor burns | 1 | 2 | 6. Needle cricothyroidotomy |
| 1 | 4 | 9. Critical burns *(emergency care only)* | 1 | 4 | 7. Cricothyroidotomy |
| 1 | 2 | 10. Minor musculoskeletal trauma | 2 | 2 | 8. Rapid Sequence Induction |
| 1 | 2 | 11. Minor dermatologic illness | 1 | 2 | 9. Direct laryngoscopy |
| 1 | 2 | 12. Minor gynecological problems | 1 | 2 | 10. Indirect laryngoscopy |
| 1 | 4 | 13. Acute cardiac emergencies including acute myocardial infarction, arrhythmia's and heart failure | 1 | 2 | 11. Removal of upper airway foreign body |
| | | | 1 | 2 | 12. Ventilation management |
| | | | 1 | 2 | 13. Interpretation of electrocardiogram |
| 1 | 2 | 14. Poisonings | 1 | 2 | 14. Central venous line insertion |
| 1 | 4 | 15. Near drowning | 1 | 2 | 15. Peripheral venipuncture |
| 1 | 2 | 16. Allergic reactions | 2 | 2 | 16. Peripheral venous cutdown |
| 1 | 2 | 17. Nose bleeds | | | 17. Placement of emergency electrical pacemaker |
| 1 | 2 | 18. Hypothermia | | | (a) transvenous |
| 1 | 2 | 19. Hyperthermia | 1 | 2 | (b) external |
| 1 | 2 | 20. Patients with altered level of consciousness | 1 | 2 | 18. Defibrillation and synchronized cardioversion |
| 1 | 4 | 21. Multiple trauma | 1 | 4 | 19. Pericardiocentesis |
| 1 | 2 | 22. Acute psychiatric illness | | | 20. Emergency thorocotomy |
| 1 | 2 | 23. Alcohol detoxification and drug withdrawal | 1 | 2 | 21. Thoracentesis |
| 1 | 2 | 24. Animal and human bites | 1 | 2 | 22. Tube thoracostomy |
| 1 | 2 | 25. Eye trauma and illness | 1 | 2 | 23. Needle thoracostomy |
| 1 | 2 | 26. Hand infections | 1 | 2 | 24. Arterial Puncture |
| 1 | 2 | 27. Seizure disorders | 1 | 2 | 25. Arterial cannula placement |
| 1 | 2 | 28. Gastrointestinal bleeding | | | 26. Internal cardiac massage |
| 1 | 2 | 29. Acute endocrinological emergencies | 1 | 4 | 28. Use of MAST trousers |

I. ...T OF PRIVILEGES - EMERGENCY MEDICINE (...nued)

| Requested | Approved | | Requested | Approved | |
|---|---|---|---|---|---|
| 1 | 2 | 28. Treatment of burns | 1 | 2 | 52. Reduction of simple closed dislocations |
| 1 | 2 | 29. Debridement and repair of minor lacerations | 1 | 2 | 53. Reduction of simple closed fractures |
| 1 | 4 | 30. Diagnostic peritoneal lavage | 1 | 2 | 54. Placement of molded splints |
| 2 | 2 | 31. Excision of thrombosed external hemorrhoids | | | 55. Arthrocentesis |
| 1 | 2 | 32. Incision and drainage of abscesses | 1 | 2 | (a) diagnostic |
| 1 | 2 | 33. Reduction of hernias | 1 | 2 | (b) therapeutic |
| 2 | 2 | 34. Anoscopy | 1 | 4 | 56. Extensor tendon repair |
| 2 | 2 | 35. Suprapubic cystotomy | 1 | 2 | 57. Nail trephination/removal |
| 1 | 2 | 36. Urinary catheter placement | | | 58. Application of cervical traction tongs |
| 1 | 2 | 37. Reduction of paraphimosis, phimosis | 2 | 2 | 59. Simple split thickness grafting |
| 2 | 2 | 38. Culdocentesis | 1 | 2 | 60. Local infiltrative anesthesia |
| 1 | 4 | 39. Emergency vaginal delivery | 2 | 2 | 61. Regional block anesthesia |
| 1 | 2 | 40. Rape exam | 1 | 4 | 62. Pediatric resuscitation |
| 2 | 4 | 41. Emergency retrograde cystogram, IVP | 1 | 2 | 63. Interpret transmitted electrocardiogram rhythm strips |
| 1 | 2, 4 | 42. Nasogastric intubation | | | |
| 1 | 2 | 43. Gastric lavage | 1 | 2 | 64. Slit Lamp exam |
| | | 44. Sengstaken-Blakemore tube placement | | | 65. Preliminary Ultrasound exam |
| 1 | 2 | 45. Lumbar puncture | 2 | 2 | a. Pelvic |
| 1 | 2 | 46. Removal of corneal foreign body | 2 | 2 | b. Other (specify) |
| 1 | 2 | 47. Tonometry | | | D. Other |
| 1 | 2 | 48. Anterior nasal packing | 1. 1 | 1. 2 | 1. Abdominal Paracentesis |
| 2 | 2 | 49. Posterior nasal packing | 2. 2 | 2. 2,4 | 2. JOINT INJECTION |
| 1 | 2 | 50. Cautery (*electrical/chemical*) of acute mucosal bleeding | 3. 1<br>4. 1 | 3. 2,4<br>4. 2,4 | 3. Pediatric Sedation<br>4. Adult sedation |
| 1 | 2 | 51. Reduction of temporal-mandibular joint dislocations | 5. 1<br>6. 2 | 5. 2<br>6. 2,4 | 5. Suture/staple of Lacerations<br>6. Rapid Sequence Paralysis |

SIGNATURE OF PRACTITIONER: James S Dostilfano, Maj USAF, MC

DATE: 1/18/2000

II. SUPERVISOR'S RECOMMENDATION Revised

☐ RECOMMEND APPROVAL ☐ RECOMMEND APPROVAL WITH MODIFICATION *(Specify below)* ☐ RECOMMEND APPROVAL *(Specify below)*

Based on the recommendations of my staff physicians who supervised Major Webster at Keesler AFB, I would have to say Major Webster Major Webster in an Emergency Department without direct supervision can not be recommended to man an Emergency Department without (See attached reports - AF 1562's provided): Major (Dr.) Webster might be approved to do clinical medicine in a slower paced environment without "multi-tasking" demands as required in Emergency Medicine.

SIGNATURE OF SUPERVISOR: James Dostilf

DATE: 1/18/2000

AF FORM 2821, FEB 88 (REVERSE)

99

Pre - Rotation

## CREDENTIALS PRIVILEGE LIST - EMERGENCY MEDICINE

*AUTHORITY: Title 10, U.S.C. Chapter 55 and Section 8067 and 8012*
*PRINCIPAL PURPOSE(S): To evaluate each practitioner's formal education, training, clinical experience, and evidence of physical, moral and ethical capacities and to assist the Credentials Committee in making recommendations with regard to the practitioner's competence to treat certain conditions and perform certain medical procedures.*
*ROUTINE USE(S): Information may be released to government boards or agencies or professional societies or organizations if needed to license or monitor professional standards of health care practitioners. It may also be released to civilian medical institutions or organizations where the practitioner is applying for staff privileges during or after separating from the service.*
*DISCLOSURE IS VOLUNTARY: However, failure to provide information may result in the limitation or termination of clinical privileges.*

### INSTRUCTIONS

Part I. List of Privileges: The PRACTITIONER enters the appropriate code number in the block marked REQUESTED for each privilege. Each block must have a code number. The practitioner signs and dates the form and sends it to his or her supervisor.

Part II. Supervisor's Recommendation: The supervisor reviews the requested privileges and checks one of the blocks, signs and dates the form and sends it to the Credentials Function Chairperson.

The Credentials Function Chairperson enters the appropriate code number in the block marked APPROVED for each privilege. Each block must have a code number.

The Medical Facility Commander: acting on the recommendations of the credentials function, awards, renews, and revises individual provider privileges.

Revisions and Corrections: To change a code number, the originator of the revision forwards a written request with supporting documentation to the Credentials Function Chairperson. The function sends its recommendation to the Medical Facility Commander in turn. If approved, the Credentials Function Chairperson makes the change(s) in pen, initials, and dates each, and notifies the provider in writing of the decision. Any corrections must be initialed in pen. The credentials function may require that the provider to complete a new privilege list.

**CODES:**
1. **Fully competent within defined scope of practice; clinical oversight of some non-physician providers is required as defined in AFI 44-102.**
2. **Supervision required; unlicensed/uncertified, requires verification of credentials, or provider lacks current relevant experience.**
3. **Not approved due to lack of facility support (Reserved for Credentials Function use only).**
4. **Not requested/approved due to lack of expertise.**

| NAME OF PRACTITIONER *(Last, First, Middle Initial)* | NAME OF MEDICAL FACILITY |
|---|---|
| WEBSTER, WILMA P | 81 MDG |

**I. LIST OF PRIVILEGES - EMERGENCY MEDICINE**

| Requested | Approved | |
|---|---|---|
| 1 | 2 | A. Provide initial emergency care as appropriate for true life-threatening emergencies. |
| | | B. Provide initial management without consultation |
| 1 | 2 | 1. Minor lacerations |
| 1 | 2 | 2. Major lacerations |
| 1 | 2 | 3. Minor respiratory illness |
| 1 | 2 | 4. Acute respiratory illness |
| 1 | 2 | 5. Pulmonary embolism |
| 1 | 2 | 6. Minor gastrointestinal illness |
| 1 | 2 | 7. Acute abdominal illness |
| 1 | 2 | 8. Minor burns |
| 1 | 2 | 9. Critical burns *(emergency care only)* |
| 1 | 2 | 10. Minor musculoskeletal trauma |
| 1 | 2 | 11. Minor dermatologic illness |
| 1 | 2 | 12. Minor gynecological problems |
| 1 | 2 | 13. Acute cardiac emergencies including acute myocardial infarction, arrhythmia's and heart failure |
| 1 | 2 | 14. Poisonings |
| 1 | 2 | 15. Near drowning |
| 1 | 2 | 16. Allergic reactions |
| 1 | 2 | 17. Nose bleeds |
| 1 | 2 | 18. Hypothermia |
| 1 | 2 | 19. Hyperthermia |
| 1 | 2 | 20. Patients with altered level of consciousness |
| 1 | 2 | 21. Multiple trauma |
| 1 | 2 | 22. Acute psychiatric illness |
| 1 | 2 | 23. Alcohol detoxification and drug withdrawal |
| 1 | 2 | 24. Animal and human bites |
| 1 | 2 | 25. Eye trauma and illness |
| 1 | 2 | 26. Hand infections |
| 1 | 2 | 27. Seizure disorders |
| 1 | 2 | 28. Gastrointestinal bleeding |
| 1 | 2 | 29. Acute endocrinological emergencies |

| Requested | Approved | |
|---|---|---|
| 1 | 2 | 30. Urinary calculi |
| 1 | 2 | 31. Urinary tract infections |
| 1 | 2 | 32. Screening of ambulance calls |
| 1 | 2 | 33. Pediatric illness |
| | | C. Procedures |
| 1 | 2 | 1. Oral/nasopharyngeal airway insertion |
| 1 | 2 | 2. Endotracheal intubation |
| 1 | 2 | 3. Nasotracheal intubation |
| | 3 | 4. Use of Laryngeal Mask Airway |
| 1 | 2 | 5. Trans-tracheal suctioning |
| 1 | 2 | 6. Needle cricothyroidotomy |
| 1 | 2 | 7. Cricothyroidotomy |
| 2 | 2 | 8. Rapid Sequence Induction |
| 1 | 2 | 9. Direct laryngoscopy |
| 1 | 2 | 10. Indirect laryngoscopy |
| 1 | 2 | 11. Removal of upper airway foreign body |
| 1 | 2 | 12. Ventilation management |
| 1 | 2 | 13. Interpretation of electrocardiogram |
| 1 | 2 | 14. Central venous line insertion |
| 1 | 2 | 15. Peripheral venipuncture |
| 2 | 2 | 16. Peripheral venous cutdown |
| | | 17. Placement of emergency electrical pacemaker |
| | 3 | (a) transvenous |
| 1 | 2 | (b) external |
| 1 | 2 | 18. Defibrillation and synchronized cardioversion |
| 1 | 2 | 19. Pericardiocentesis |
| | 3 | 20. Emergency thorocotomy |
| 1 | 2 | 21. Thoracentesis |
| 1 | 2 | 22. Tube thoracostomy |
| 1 | 2 | 23. Needle thoracostomy |
| 1 | 2 | 24. Arterial Puncture |
| 1 | 2 | 25. Arterial cannula placement |
| | 3 | 26. Internal cardiac message |
| 1 | 2 | 28. Use of MAST trousers |

AF FORM 2821, FEB 88 PREVIOUS EDITION IS OBSOLETE

100

I. L. OF PRIVILEGES - EMERGENCY MEDICINE *(Continued)*

| Requested | Approved | | Requested | Approved | |
|---|---|---|---|---|---|
| 1 | 2 | 28. Treatment of burns | 1 | 2 | 52. Reduction of simple closed dislocations |
| 1 | 2 | 29. Debridement and repair of minor lacerations | 1 | 2 | 53. Reduction of simple closed fractures |
| 1 | 2 | 30. Diagnostic peritoneal lavage | 1 | 2 | 54. Placement of molded splints |
| 2 | 2 | 31. Excision of thrombosed external hemorrholds | | | 55. Arthrocentesis |
| 1 | 2 | 32. Incision and drainage of abscesses | 1 | 2 | (a) diagnostic |
| 1 | 2 | 33. Reduction of hernias | 1 | 2 | (b) therapeutic |
| 2 | 2 | 34. Anoscopy | 1 | 2 | 56. Extensor tendon repair |
| 2 | 2 | 35. Suprapubic cystotomy | 1 | 2 | 57. Nail trephination/removal |
| 1 | 2 | 36. Urinary catheter placement | | | 58. Application of cervical traction tongs |
| 1 | 2 | 37. Reduction of paraphimosis, phimosis | 2 | 2 | 59. Simple split thickness grafting |
| 1/2 | 2 | 38. Culdocentesis | 1 | 2 | 60. Local infiltrative anesthesia |
| 1 | 2 | 39. Emergency vaginal delivery | 2 | 2 | 61. Regional block anesthesia |
| 1 | 2 | 40. Rape exam | 1 | 2 | 62. Pediatric resuscitation |
| 2 | 2 | 41. Emergency retrograde cystogram, IVP | 1 | 2 | 63. Interpret transmitted electrocardiogram rhythm strips |
| 1 | 2 | 42. Nasogastric intubation | | | |
| 1 | 2 | 43. Gastric lavage | 1 | 2 | 64. Slit Lamp exam |
| | | 44. Sengstaken-Blakemore tube placement | | | 65. Preliminary Ultrasound exam |
| 1 | 2 | 45. Lumbar puncture | 2 | 2 | a. Pelvic |
| 1 | 2 | 46. Removal of corneal foreign body | 2 | 2 | b. Other (specify) |
| 1 | 2 | 47. Tonometry | | | D. Other |
| 1 | 2 | 48. Anterior nasal packing | 1 | 2 | 1. Abdominal Paracentesis |
| 2 | 2 | 49. Posterior nasal packing | 2 | 2 | 2. Joint Injection |
| 1 | 2 | 50. Cautery *(electrical/chemical)* of acute mucosal bleeding | 1 | 2 | 3. Pediatric Sedation |
| 1 | 2 | 51. Reduction of temporal-mandibular joint dislocations | 1 | 2 | 4. Adult Sedation |
| | | | 1 | 2 | 5. Suture/Staple of Lacerations |
| | | | 2 | 2 | 6. Rapid Sequence Paralysis |

SIGNATURE OF PRACTITIONER: [signature] Wilma P. Webster

DATE: / /

II. SUPERVISOR'S RECOMMENDATION

☒ RECOMMEND APPROVAL

☐ RECOMMEND APPROVAL WITH MODIFICATION *(Specify below)*

☐ RECOMMEND APPROVAL *(Specify below)*

SIGNATURE OF SUPERVISOR: [signature] Wilma P. Webster [signature]

DATE: 12/01/1999



101

# CREDENTIALS EVALUATION OF HEALTH CARE PRACTITIONERS

OMB APPROVAL NO. 0701-1097
Expiration Date 30 Jun 88

*AUTHORITY: Title 10, U.S.C. Chapter 55 and Section 8067 and 8012.*
*PRINCIPAL PURPOSE(S): To evaluate each practitioner's formal education, training, clinical experience, and evidence of physical, moral and ethical capacities and to assist the Credentials Committee in making recommendations with regard to the practitioner's competence to treat certain conditions and perform certain medical procedures.*
*ROUTINE USE(S): Information may be released to government boards or agencies or professional societies or organizations if needed to license or monitor professional standards of health care practitioners. It may also be released to civilian medical institutions or organizations where the practitioner is applying for staff privileges during or after separating from the service.*
*DISCLOSURE IS VOLUNTARY: However, failure to provide information may result in the limitation or termination of clinical privileges.*

**I. TO BE COMPLETED BY PRACTITIONER**

1. NAME OF PRACTITIONER *(Last, First, Middle Initial)*: WEBSTER, WILMA P.

2. SSN: 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

**RELEASE OF LIABILITY**

I hereby release from liability all officials of the United States Air Force including all representatives of the hospital and its medical staff for their acts performed in good faith and without malice in connection with evaluating or action concerning my application and my credentials and qualifications. I hereby release from liability any and all individuals and organizations who in good faith and without malice, provide any and all information to officials of the United States Air Force, including medical facility officers, or to the authorized medical staff representatives, concerning my professional practice, competence, ethics, character and other qualifications for staff appointment and clinical privileges, and hereby consent to the release of any and all such information.

3. SIGNATURE: Wilma P. Webster

4. DATE: 21 DEC 99

**II. TO BE COMPLETED BY EVALUATOR**

5. NAME OF INSTITUTION WHERE THE ABOVE PRACTITIONER PRACTICED: KEESLER MEDICAL CENTER

6. DATES AT INSTITUTION — FROM: TO:

7. STATUS OF PRACTITIONER *(Staff, Resident, etc.)*:

8. SPECIALTY OR SPECIALTIES PRACTITIONER HAD PRIVILEGES IN AT THIS FACILITY: EMERGENCY ROOM PHYSICIAN

9. The following evaluation is based in demonstrated performance compared to that reasonably expected of a practitioner at his or her level of training, experience and background:

| PERFORMANCE *(Mark "x" in the appropriate block for each item listed)* | POOR | FAIR | GOOD | SUPERIOR | NOT OBSERVED |
|---|---|---|---|---|---|
| A. BASIC PROFESSIONAL KNOWLEDGE | | | ✓ | | |
| B. PROFESSIONAL JUDGMENT | | ✓ | | | |
| C. SENSE OF RESPONSIBILITY | | | ✓ | | |
| D. ETHICAL CONDUCT | | | ✓ | | |
| E. COMPETENCE AND SKILL | | | ✓ | | |
| F. COOPERATIVENESS, ABILITY TO WORK WITH OTHERS | | | ✓ | | |
| G. HISTORY AND PHYSICAL EXAM | | | | | ✓ |
| H. RECORD KEEPING | | | ✓ | | |
| I. CASE PRESENTATIONS | | ✓ | | | |
| J. PATIENT MANAGEMENT | | ✓ | | | |
| K. PRACTITIONER-PATIENT RELATIONS | | | ✓ | | |
| L. ABILITY TO WRITE AND SPEAK ENGLISH | | | ✓ | | |
| M. PARTICIPATION IN STAFF AND COMMITTEE ACTIVITIES | | | | | ✓ |
| N. REGULARLY OBTAINED CONSULTATIONS WHEN NEEDED | | | | | ✓ |

10. If the answer to any of the following questions is "YES" please give full details in the Remarks Section on reverse. If additional space is needed, continue on a separate sheet of paper and attach to this form. Be sure to identify item by number.

*TO YOUR KNOWLEDGE HAS THE APPLICANT:*

| | YES | NO | | YES | NO |
|---|---|---|---|---|---|
| A. EVER HAD HIS OR HER LICENSE TO PRACTICE IN ANY JURISDICTION LIMITED, SUSPENDED OR REVOKED? | | ✓ | G. EVER BEEN A DEFENDANT IN A FELONY CASE? | | ✓ |
| B. EVER BEEN REFUSED MEMBERSHIP ON A MEDICAL STAFF? | | ✓ | H. HAD ANY SIGNIFICANT MEDICAL OR MENTAL HEALTH PROBLEMS WHICH COULD AFFECT WORK PERFORMANCE? | | ✓ |
| C. EVER HAD A REQUEST FOR SPECIFIC PRIVILEGES DENIED OR GRANTED WITH STATED LIMITATIONS? | | ✓ | I. EVER BEEN A DEFENDANT OR THE SUBJECT OF A MALPRACTICE ACTION? | | ✓ |
| D. EVER HAD PRIVILEGES AT ANY HOSPITAL SUSPENDED, LIMITED, OR REVOKED? | | ✓ | IF "YES," WAS THE MATTER: | | |
| E. EVER HAD NARCOTIC REGISTRATION SUSPENDED OR REVOKED? | | ✓ | (1) SETTLED PRIOR TO FINAL COURT ACTION? | | |
| | | | (2) JUDGMENT RENDERED BY COURT? | | |
| F. EVER BEEN ARRESTED OR TREATED FOR DRUG OR ALCOHOL ABUSE? | | ✓ | (3) DEFENDANT FOUND LIABLE? | | |
| | | | (4) MATTER STILL PENDING? | | |

AF FORM 1562, FEB 86

**11. COMPLETE IF PRIVILEGE LIST REVIEWED**

| | |
|---|---|
| A. REVIEWED PRIVILEGE LIST FROM N/A<br>☐ AIR FORCE RECRUITING PERSONNEL<br>☐ PRACTITIONER'S AIR FORCE CREDENTIALS FILE<br>☐ OTHER CIVILIAN *(Describe in "Remarks")* | B. UPON REVIEW OF THE PRIVILEGE LIST, DO YOU HAVE ANY RESERVATIONS ABOUT THE PRACTITIONER EXERCISING ALL PRIVILEGES LISTED?<br>☐ YES *(If yes, please explain in "Remarks")* ☐ NO |
| 12. NUMBER OF YEARS YOU HAVE KNOWN THE APPLICANT | 13. BEST TELEPHONE NUMBER TO CONTACT YOU<br>228-377-0500 |

14. REMARKS *(Please add any other information you think appropriate in evaluating this applicant)*

During her rotation at the Keesler emergency department, I worked with Dr Webster on a very limited number of cases e.g. chest pain, COPD exacerbation, cardiac arrest, viral syndrome, genital ulcers. I did not observe her work with pediatric or trauma patients. I found her basic knowledge adequate to practice medicine & did not believe her to be incompetent. Based on my limited observation, however, I would not recommend at this time that she remain in an emergency services setting. My impression is that her range or breadth of knowledge at this time is not what it should be to provide good care in an emergency department. I would recommend that a role for Dr Webster in the primary care setting be further evaluated / pursued.

| 15. NAME AND TITLE OF EVALUATOR | 16. SIGNATURE | 17. DATE |
|---|---|---|
| Kimberly Collins, Capt Staff ES physician | Kimberly Collins, MD | 13 JAN 00 |

AF FORM 1562, FEB 88 (REVERSE)

# CREDENTIALS EVALUATION OF HEALTH CARE PRACTITIONERS

OMB APPROVAL NO. 0701-1097
Expiration Date 30 Jun 88

*AUTHORITY: Title 10, U.S.C. Chapter 55 and Section 8067 and 8012.*
*PRINCIPAL PURPOSE(S): To evaluate each practitioner's formal education, training, clinical experience, and evidence of physical, moral and ethical capacities and to assist the Credentials Committee in making recommendations with regard to the practitioner's competence to treat certain conditions and perform certain medical procedures.*
*ROUTINE USE(S): Information may be released to government boards or agencies or professional societies or organizations if needed to license or monitor professional standards of health care practitioners. It may also be released to civilian medical institutions or organizations where the practitioner is applying for staff privileges during or after separating from the service.*
*DISCLOSURE IS VOLUNTARY: However, failure to provide information may result in the limitation or termination of clinical privileges.*

**I. TO BE COMPLETED BY PRACTITIONER**

1. NAME OF PRACTITIONER *(Last, First, Middle Initial)*: **WEBSTER, WILMA P.**
2. SSN: 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

**RELEASE OF LIABILITY**

**I hereby release from liability all officials of the United States Air Force including all representatives of the hospital and its medical staff for their acts performed in good faith and without malice in connection with evaluating or action concerning my application and my credentials and qualifications. I hereby release from liability any and all individuals and organizations who in good faith and without malice, provide any and all information to officials of the United States Air Force, including medical facility officers, or to the authorized medical staff representatives, concerning my professional practice, competence, ethics, character and other qualifications for staff appointment and clinical privileges, and hereby consent to the release of any and all such information.**

3. SIGNATURE: Wilma P. Webster
4. DATE: 01 DEC 99

**II. TO BE COMPLETED BY EVALUATOR**

5. NAME OF INSTITUTION WHERE THE ABOVE PRACTITIONER PRACTICED: **KEESLER MEDICAL CENTER**
6. DATES AT INSTITUTION: FROM — TO —
7. STATUS OF PRACTITIONER *(Staff, Resident, etc.)*:
8. SPECIALTY OR SPECIALTIES PRACTITIONER HAD PRIVILEGES IN AT THIS FACILITY: **EMERGENCY ROOM PHYSICIAN**

**9. The following evaluation is based in demonstrated performance compared to that reasonably expected of a practitioner at his or her level of training, experience and background:**

| PERFORMANCE *(Mark "x" in the appropriate block for each item listed)* | POOR | FAIR | GOOD | SUPERIOR | NOT OBSERVED |
|---|---|---|---|---|---|
| A. BASIC PROFESSIONAL KNOWLEDGE | | X | | | |
| B. PROFESSIONAL JUDGMENT | | X | | | |
| C. SENSE OF RESPONSIBILITY | | X | | | |
| D. ETHICAL CONDUCT | | | X | | |
| E. COMPETENCE AND SKILL | | X | | | |
| F. COOPERATIVENESS, ABILITY TO WORK WITH OTHERS | | X | | | |
| G. HISTORY AND PHYSICAL EXAM | | X | | | |
| H. RECORD KEEPING | | X | | | |
| I. CASE PRESENTATIONS | | X | | | |
| J. PATIENT MANAGEMENT | | X | | | |
| K. PRACTITIONER-PATIENT RELATIONS | | | X | | |
| L. ABILITY TO WRITE AND SPEAK ENGLISH | | | X | | |
| M. PARTICIPATION IN STAFF AND COMMITTEE ACTIVITIES | | | | | X |
| N. REGULARLY OBTAINED CONSULTATIONS WHEN NEEDED | | X | | | |

**10. If the answer to any of the following questions is "YES" please give full details in the Remarks Section on reverse. If additional space is needed, continue on a separate sheet of paper and attach to this form. Be sure to identify item by number.**

*TO YOUR KNOWLEDGE HAS THE APPLICANT:*

| | YES | NO | | YES | NO |
|---|---|---|---|---|---|
| A. EVER HAD HIS OR HER LICENSE TO PRACTICE IN ANY JURISDICTION LIMITED, SUSPENDED OR REVOKED? | | X | G. EVER BEEN A DEFENDANT IN A FELONY CASE? | | X |
| B. EVER BEEN REFUSED MEMBERSHIP ON A MEDICAL STAFF? | | X | H. HAD ANY SIGNIFICANT MEDICAL OR MENTAL HEALTH PROBLEMS WHICH COULD AFFECT WORK PERFORMANCE? | | X |
| C. EVER HAD A REQUEST FOR SPECIFIC PRIVILEGES DENIED OR GRANTED WITH STATED LIMITATIONS? | | X | I. EVER BEEN A DEFENDANT OR THE SUBJECT OF A MALPRACTICE ACTION? | | X |
| D. EVER HAD PRIVILEGES AT ANY HOSPITAL SUSPENDED, LIMITED, OR REVOKED? | | X | IF "YES," WAS THE MATTER: | | |
| E. EVER HAD NARCOTIC REGISTRATION SUSPENDED OR REVOKED? | | X | (1) SETTLED PRIOR TO FINAL COURT ACTION? | | |
| | | | (2) JUDGMENT RENDERED BY COURT? | | |
| F. EVER BEEN ARRESTED OR TREATED FOR DRUG OR ALCOHOL ABUSE? | | X | (3) DEFENDANT FOUND LIABLE? | | |
| | | | (4) MATTER STILL PENDING? | | |

AF FORM 1562, FEB 86

**11. COMPLETE IF PRIVILEGE LIST REVIEWED**

| A. REVIEWED PRIVILEGE LIST FROM | B. UPON REVIEW OF THE PRIVILEGE LIST, DO YOU HAVE ANY RESERVATIONS ABOUT THE PRACTITIONER EXERCISING ALL PRIVILEGES LISTED? |
|---|---|
| ☐ AIR FORCE RECRUITING PERSONNEL<br>☐ PRACTITIONER'S AIR FORCE CREDENTIALS FILE<br>☐ OTHER CIVILIAN *(Describe in "Remarks")* | ☐ YES *(If yes, please explain in "Remarks")* ☐ NO |
| 12. NUMBER OF YEARS YOU HAVE KNOWN THE APPLICANT<br>< 1yr | 13. BEST TELEPHONE NUMBER TO CONTACT YOU |

14. REMARKS *(Please add any other information you think appropriate in evaluating this applicant)*

Please see Attached memo

Overall, Dr. Webster, while having fair general medical knowledge, lacks the knowledge base and skills to work in an emergency department. She had definite problems while multi-tasking in terms of patient management. the one trait absolutely necessary to practice emergency medicine.

| 15. NAME AND TITLE OF EVALUATOR | 16. SIGNATURE | 17. DATE |
|---|---|---|
| MICHAEL WALTERS, MD<br>Staff, Emergency Physician | | 20 Dec 97. |

AF FORM 1562, FEB 86 *(REVERSE)*

**DEPARTMENT OF THE AIR FORCE**
AIR EDUCATION AND TRAINING COMMAND

DATE 09Dec99

MEMORANDUM FOR James Distefano, DO

FROM Michael Walters, MD

SUBJECT Wilma Webster, MD

This memo is to serve as my formal evaluation of the clinical knowledge and performance of Dr. Wilma Webster in the Emergency Department at Keesler Medical Center, Keesler AFB. This evaluation will be broken down into the two categories mentioned above.

Clinical Knowledge: Dr. Webster demonstrates a good overall knowledge of medicine. However, she lacked the knowledge base needed to practice in an emergency department. Repeatedly she demonstrated a lack of knowledge in the core principles of emergency medicine. This knowledge base is vital for the rapid assessment and treatment of critically ill patient. This knowledge is routinely learned by emergency medicine physicians over the course of their residency. In the evaluation of non-critically ill patients, Dr. Webster's knowledge was adequate; but on occasion, she had difficulty generating a differential diagnosis. This ultimately would affect here diagnostic work-up, treatment, and disposition.

Clinical Performance: Dr. Webster lacked the one skill necessary to the practice of emergency medicine, multi-tasking. She was unable to care for more than 1-2 patients at any give time. She took a long amount of time to perform the history and physical on a patient. She also had difficulty keeping track of patients once diagnostic tests were ordered. Often times there were delays in patient dispositions due to the inability to manage more than 1 patient at a given time.

Overall, Dr. Webster performed at the level of an intern (of a specialty other than emergency medicine). I do not think she has the skills to perform in an emergency department with single coverage. She is best suited for an environment with a slower pace and acuity level. Her interpersonal skills were very good, and she demonstrated a very nice personality. However, these attributes do not replace clinical knowledge and performance.

Sincerely,

Michael Walters, MD
Staff Emergency Physician
Keesler Medical Center
Keesler AFB, MS

106

# CREDENTIALS EVALUATION C HEALTH CARE PRACTITIONERS

OMB APPROVAL NO. 0701-1097
Expiration Date 30 Jun 88

*AUTHORITY: Title 10, U.S.C. Chapter 55 and Section 8067 and 8012.*
*PRINCIPAL PURPOSE(S): To evaluate each practitioner's formal education, training, clinical experience, and evidence of physical, moral and ethical capacities and to assist the Credentials Committee in making recommendations with regard to the practitioner's competence to treat certain conditions and perform certain medical procedures.*
*ROUTINE USE(S): Information may be released to government boards or agencies or professional societies or organizations if needed to license or monitor professional standards of health care practitioners. It may also be released to civilian medical institutions or organizations where the practitioner is applying for staff privileges during or after separating from the service.*
*DISCLOSURE IS VOLUNTARY: However, failure to provide information may result in the limitation or termination of clinical privileges.*

I. TO BE COMPLETED BY PRACTITIONER

1. NAME OF PRACTITIONER *(Last, First, Middle Initial)*: WEBSTER, WILMA P.

2. SSN: 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

RELEASE OF LIABILITY

I hereby release from liability all officials of the United States Air Force including all representatives of the hospital and its medical staff for their acts performed in good faith and without malice in connection with evaluating or action concerning my application and my credentials and qualifications. I hereby release from liability any and all individuals and organizations who in good faith and without malice, provide any and all information to officials of the United States Air Force, including medical facility officers, or to the authorized medical staff representatives, concerning my professional practice, competence, ethics, character and other qualifications for staff appointment and clinical privileges, and hereby consent to the release of any and all such information.

3. SIGNATURE: Wilma P. Webster

4. DATE: 01 DEC 99

II. TO BE COMPLETED BY EVALUATOR

5. NAME OF INSTITUTION WHERE THE ABOVE PRACTITIONER PRACTICED: KEESLER MEDICAL CENTER

6. DATES AT INSTITUTION — FROM: TO:

7. STATUS OF PRACTITIONER *(Staff, Resident, etc.)*:

8. SPECIALTY OR SPECIALTIES PRACTITIONER HAD PRIVILEGES IN AT THIS FACILITY: EMERGENCY ROOM PHYSICIAN

9. The following evaluation is based in demonstrated performance compared to that reasonably expected of a practitioner at his or her level of training, experience and background:

| PERFORMANCE *(Mark "x" in the appropriate block for each item listed)* | POOR | FAIR | GOOD | SUPERIOR | NOT OBSERVED |
|---|---|---|---|---|---|
| A. BASIC PROFESSIONAL KNOWLEDGE | | X | | | |
| B. PROFESSIONAL JUDGMENT | | X | | | |
| C. SENSE OF RESPONSIBILITY | | X | | | |
| D. ETHICAL CONDUCT | | X | | | |
| E. COMPETENCE AND SKILL | X | | | | |
| F. COOPERATIVENESS, ABILITY TO WORK WITH OTHERS | | X | | | |
| G. HISTORY AND PHYSICAL EXAM | | X | | | |
| H. RECORD KEEPING | | X | | | |
| I. CASE PRESENTATIONS | X | | | | |
| J. PATIENT MANAGEMENT | | X | | | |
| K. PRACTITIONER-PATIENT RELATIONS | | X | | | |
| L. ABILITY TO WRITE AND SPEAK ENGLISH | | | X | | |
| M. PARTICIPATION IN STAFF AND COMMITTEE ACTIVITIES | | | | | X |
| N. REGULARLY OBTAINED CONSULTATIONS WHEN NEEDED | | X | | | |

10. If the answer to any of the following questions is "YES" please give full details in the Remarks Section on reverse. If additional space is needed, continue on a separate sheet of paper and attach to this form. Be sure to identify item by number.

*TO YOUR KNOWLEDGE HAS THE APPLICANT:* — UNKNOWN HISTORY

| | YES | NO | | YES | NO |
|---|---|---|---|---|---|
| A. EVER HAD HIS OR HER LICENSE TO PRACTICE IN ANY JURISDICTION LIMITED, SUSPENDED OR REVOKED? | | | G. EVER BEEN A DEFENDANT IN A FELONY CASE? | | |
| B. EVER BEEN REFUSED MEMBERSHIP ON A MEDICAL STAFF? | | | H. HAD ANY SIGNIFICANT MEDICAL OR MENTAL HEALTH PROBLEMS WHICH COULD AFFECT WORK PERFORMANCE? | | |
| C. EVER HAD A REQUEST FOR SPECIFIC PRIVILEGES DENIED OR GRANTED WITH STATED LIMITATIONS? | | | I. EVER BEEN A DEFENDANT OR THE SUBJECT OF A MALPRACTICE ACTION? | | |
| D. EVER HAD PRIVILEGES AT ANY HOSPITAL SUSPENDED, LIMITED, OR REVOKED? | | | IF "YES," WAS THE MATTER: | | |
| E. EVER HAD NARCOTIC REGISTRATION SUSPENDED OR REVOKED? | | | (1) SETTLED PRIOR TO FINAL COURT ACTION? | | |
| | | | (2) JUDGMENT RENDERED BY COURT? | | |
| F. EVER BEEN ARRESTED OR TREATED FOR DRUG OR ALCOHOL ABUSE? | | | (3) DEFENDANT FOUND LIABLE? | | |
| | | | (4) MATTER STILL PENDING? | | |

AF FORM 1562, FEB 86

11. COMPLETE IF PRIVILEGE LIST REVIEWED

| A. REVIEWED PRIVILEGE LIST FROM | B. UPON REVIEW OF THE PRIVILEGE LIST, DO YOU HAVE ANY RESERVATIONS ABOUT THE PRACTITIONER EXERCISING ALL PRIVILEGES LISTED? |
|---|---|
| ☐ AIR FORCE RECRUITING PERSONNEL<br>☐ PRACTITIONER'S AIR FORCE CREDENTIALS FILE<br>☐ OTHER CIVILIAN *(Describe in "Remarks")* | ☐ YES *(If yes, please explain in "Remarks")* ☐ NO |
| 12. NUMBER OF YEARS YOU HAVE KNOWN THE APPLICANT<br>2 weeks. | 13. BEST TELEPHONE NUMBER TO CONTACT YOU<br>(228) 377-0500 |

14. REMARKS *(Please add any other information you think appropriate in evaluating this applicant)*

SEE ATTACHED LETTER

| 15. NAME AND TITLE OF EVALUATOR | 16. SIGNATURE | 17. DATE |
|---|---|---|
| [signature] MD CAPT USAF MC | SENTHIL ALAGARSAMY, CAPT, USAF, MC<br>STAFF PHYSICIAN, EMERGENCY SERVICES FLT. | 14 DEC 99 |



108

14 December 1999

To whom it may concern:

My evaluation of the performance of Wilma Webster is based on a two week observation period. I believe the question posed to me was whether or not Dr. Webster was capable of working as an emergency physician. In short, the conclusion is no.

Dr. Webster has an adequate fund of basic proffessional knowledge. She had experiential knowledge regarding some medical situations which surpassed my own. However, many of her patient management decisions seem to be based on routines and dogmatic protocols as opposed to individualized treatment strategies or reasons based on the medical literature. Most notably deficient was her lack of knowledge of newer medicines and clinical guidelines.

Her decision making processes were inappropriate for an emergency room setting. She was not able to efficiently see patients. Her ability to prioritize the care of more ill patients was limited when she was seeing more than one patient. I had to discharge and make management decisions of some her patients in the interests of patient safety and more rapid patient transit through the emergency room, even though we were supposed to have mostly monitored and supervised her patient care. At times she seemed to have difficulty in assigning a final disposition to patients and needed to have the decision made for her.

One of the key functions of an emergency physician is to convey to a consulting or an admitting physician an adequate picture of a patient's status. A concise description of a patient's illness can save many hours of redundant effort and confusion. Dr.Webster's patient presentations were disorganized. Medical residents who were consulted on a patient approached me because they were unsure of what was being asked of them after having spoken with Dr. Webster.

My experience with Dr. Webster was not completely negative. She was amiable and pleasant to work with. She did have a fundamental grasp of medicine. Given an environment in which she had lower acquity patients and a more predictable patient flow, I am sure she could perform adequately.

Sincerely,

Senthil Alagarsamy MD Capt USAF MC

# CREDENTIALS EVALUATION OF HEALTH CARE PRACTITIONERS

OMB APPROVAL NO. 0701-1097
Expiration Date 30 Jun 88

*AUTHORITY: Title 10, U.S.C. Chapter 55 and Section 8067 and 8012.*
*PRINCIPAL PURPOSE(S): To evaluate each practitioner's formal education, training, clinical experience, and evidence of physical, moral and ethical capacities and to assist the Credentials Committee in making recommendations with regard to the practitioner's competence to treat certain conditions and perform certain medical procedures.*
*ROUTINE USE(S): Information may be released to government boards or agencies or professional societies or organizations if needed to license or monitor professional standards of health care practitioners. It may also be released to civilian medical institutions or organizations where the practitioner is applying for staff privileges during or after separating from the service.*
*DISCLOSURE IS VOLUNTARY: However, failure to provide information may result in the limitation or termination of clinical privileges.*

## I. TO BE COMPLETED BY PRACTITIONER

1. NAME OF PRACTITIONER *(Last, First, Middle Initial)*: WEBSTER, WILMA P.
2. SSN: 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

### RELEASE OF LIABILITY

I hereby release from liability all officials of the United States Air Force including all representatives of the hospital and its medical staff for their acts performed in good faith and without malice in connection with evaluating or action concerning my application and my credentials and qualifications. I hereby release from liability any and all individuals and organizations who in good faith and without malice, provide any and all information to officials of the United States Air Force, including medical facility officers, or to the authorized medical staff representatives, concerning my professional practice, competence, ethics, character and other qualifications for staff appointment and clinical privileges, and hereby consent to the release of any and all such information.

3. SIGNATURE: Wilma P. Webster
4. DATE: 01 DEC 99

## II. TO BE COMPLETED BY EVALUATOR

5. NAME OF INSTITUTION WHERE THE ABOVE PRACTITIONER PRACTICED: KEESLER MEDICAL CENTER
6. DATES AT INSTITUTION — FROM: TO:
7. STATUS OF PRACTITIONER *(Staff, Resident, etc.)*:
8. SPECIALTY OR SPECIALTIES PRACTITIONER HAD PRIVILEGES IN AT THIS FACILITY: EMERGENCY ROOM PHYSICIAN

9. The following evaluation is based in demonstrated performance compared to that reasonably expected of a practitioner at his or her level of training, experience and background:

| PERFORMANCE *(Mark "x" in the appropriate block for each item listed)* | POOR | FAIR | GOOD | SUPERIOR | NOT OBSERVED |
|---|---|---|---|---|---|
| A. BASIC PROFESSIONAL KNOWLEDGE | X | | | | |
| B. PROFESSIONAL JUDGMENT | | X | | | |
| C. SENSE OF RESPONSIBILITY | | | X | | |
| D. ETHICAL CONDUCT | | | X | | |
| E. COMPETENCE AND SKILL | X | | | | |
| F. COOPERATIVENESS, ABILITY TO WORK WITH OTHERS | | X | | | |
| G. HISTORY AND PHYSICAL EXAM | X | | | | |
| H. RECORD KEEPING | X | | | | |
| I. CASE PRESENTATIONS | | X | | | |
| J. PATIENT MANAGEMENT | X | | | | |
| K. PRACTITIONER-PATIENT RELATIONS | | X | | | |
| L. ABILITY TO WRITE AND SPEAK ENGLISH | | | X | | |
| M. PARTICIPATION IN STAFF AND COMMITTEE ACTIVITIES | | | | | X |
| N. REGULARLY OBTAINED CONSULTATIONS WHEN NEEDED | | | | | X |

10. If the answer to any of the following questions is "YES" please give full details in the Remarks Section on reverse. If additional space is needed, continue on a separate sheet of paper and attach to this form. Be sure to identify item by number.

*TO YOUR KNOWLEDGE HAS THE APPLICANT:*

| | YES | NO | | YES | NO |
|---|---|---|---|---|---|
| A. EVER HAD HIS OR HER LICENSE TO PRACTICE IN ANY JURISDICTION LIMITED, SUSPENDED OR REVOKED? | | X | G. EVER BEEN A DEFENDANT IN A FELONY CASE? | | X |
| B. EVER BEEN REFUSED MEMBERSHIP ON A MEDICAL STAFF? | | X | H. HAD ANY SIGNIFICANT MEDICAL OR MENTAL HEALTH PROBLEMS WHICH COULD AFFECT WORK PERFORMANCE? | | X |
| C. EVER HAD A REQUEST FOR SPECIFIC PRIVILEGES DENIED OR GRANTED WITH STATED LIMITATIONS? | | X | I. EVER BEEN A DEFENDANT OR THE SUBJECT OF A MALPRACTICE ACTION? | | X |
| D. EVER HAD PRIVILEGES AT ANY HOSPITAL SUSPENDED, LIMITED, OR REVOKED? | | X | IF "YES," WAS THE MATTER: | | |
| E. EVER HAD NARCOTIC REGISTRATION SUSPENDED OR REVOKED? | | X | (1) SETTLED PRIOR TO FINAL COURT ACTION? | | |
| | | | (2) JUDGMENT RENDERED BY COURT? | | |
| F. EVER BEEN ARRESTED OR TREATED FOR DRUG OR ALCOHOL ABUSE? | | X | (3) DEFENDANT FOUND LIABLE? | | |
| | | | (4) MATTER STILL PENDING? | | |

AF FORM 1562, FEB 86

**11. COMPLETE IF PRIVILEGE LIST REVIEWED**

| A. REVIEWED PRIVILEGE LIST FROM | B. UPON REVIEW OF THE PRIVILEGE LIST, DO YOU HAVE ANY RESERVATIONS ABOUT THE PRACTITIONER EXERCISING ALL PRIVILEGES LISTED? |
|---|---|
| ☐ AIR FORCE RECRUITING PERSONNEL<br>☐ PRACTITIONER'S AIR FORCE CREDENTIALS FILE<br>☐ OTHER CIVILIAN *(Describe in "Remarks")* | ☐ YES *(If yes, please explain in "Remarks")* ☐ NO |
| **12. NUMBER OF YEARS YOU HAVE KNOWN THE APPLICANT**<br>~2 wks | **13. BEST TELEPHONE NUMBER TO CONTACT YOU**<br>397-0500 |

**14. REMARKS** *(Please add any other information you think appropriate in evaluating this applicant)*

Dr. Webster functions on the level of an Intern and not the best I've worked with at that. She worked very slowly seeing < one patient per hour. She was inclined to sit in the break room and chat with the staff. In two weeks, she never learned to check the board to see if there were any new patients to see.

I would not want her to be my physician or the physician for anyone in my family. I don't think it would be safe for her to be alone in an Emergency Dept.

| 15. NAME AND TITLE OF EVALUATOR | 16. SIGNATURE | 17. DATE |
|---|---|---|
| Hall, John C MD<br>Staff Physician | J Hall MD | 5 Jan 00 |

# CREDENTIALS EVALUATION OF HEALTH CARE PRACTITIONERS

OMB APPROVAL NO. 0701-1097
Expiration Date 30 Jun 88

*AUTHORITY: Title 10, U.S.C. Chapter 55 and Section 8067 and 8012.*
*PRINCIPAL PURPOSE(S): To evaluate each practitioner's formal education, training, clinical experience, and evidence of physical, moral and ethical capacities and to assist the Credentials Committee in making recommendations with regard to the practitioner's competence to treat certain conditions and perform certain medical procedures.*
*ROUTINE USE(S): Information may be released to government boards or agencies or professional societies or organizations if needed to license or monitor professional standards of health care practitioners. It may also be released to civilian medical institutions or organizations where the practitioner is applying for staff privileges during or after separating from the service.*
*DISCLOSURE IS VOLUNTARY: However, failure to provide information may result in the limitation or termination of clinical privileges.*

**I. TO BE COMPLETED BY PRACTITIONER**

1. NAME OF PRACTITIONER *(Last, First, Middle Initial)*: WEBSTER, WILMA P.
2. SSN: 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

**RELEASE OF LIABILITY**

I hereby release from liability all officials of the United States Air Force including all representatives of the hospital and its medical staff for their acts performed in good faith and without malice in connection with evaluating or action concerning my application and my credentials and qualifications. I hereby release from liability any and all individuals and organizations who in good faith and without malice, provide any and all information to officials of the United States Air Force, including medical facility officers, or to the authorized medical staff representatives, concerning my professional practice, competence, ethics, character and other qualifications for staff appointment and clinical privileges, and hereby consent to the release of any and all such information.

3. SIGNATURE: Wilma P. Webster
4. DATE: 01 DEC 99

**II. TO BE COMPLETED BY EVALUATOR**

5. NAME OF INSTITUTION WHERE THE ABOVE PRACTITIONER PRACTICED: KEESLER MEDICAL CENTER
6. DATES AT INSTITUTION: FROM ____ TO ____
7. STATUS OF PRACTITIONER *(Staff, Resident, etc.)*:
8. SPECIALTY OR SPECIALTIES PRACTITIONER HAD PRIVILEGES IN AT THIS FACILITY: EMERGENCY ROOM PHYSICIAN

9. The following evaluation is based in demonstrated performance compared to that reasonably expected of a practitioner at his or her level of training, experience and background:

| PERFORMANCE *(Mark "x" in the appropriate block for each item listed)* | POOR | FAIR | GOOD | SUPERIOR | NOT OBSERVED |
|---|---|---|---|---|---|
| A. BASIC PROFESSIONAL KNOWLEDGE | X | | | | |
| B. PROFESSIONAL JUDGMENT | X | | | | |
| C. SENSE OF RESPONSIBILITY | | | X | | |
| D. ETHICAL CONDUCT | | | X | | |
| E. COMPETENCE AND SKILL | X | | | | |
| F. COOPERATIVENESS, ABILITY TO WORK WITH OTHERS | | | X | | |
| G. HISTORY AND PHYSICAL EXAM | X | | | | |
| H. RECORD KEEPING | X | | | | |
| I. CASE PRESENTATIONS | X | | | | |
| J. PATIENT MANAGEMENT | X | | | | |
| K. PRACTITIONER-PATIENT RELATIONS | | | | X | |
| L. ABILITY TO WRITE AND SPEAK ENGLISH | | | | X | |
| M. PARTICIPATION IN STAFF AND COMMITTEE ACTIVITIES | | | | | X |
| N. REGULARLY OBTAINED CONSULTATIONS WHEN NEEDED | | X | | | |

10. If the answer to any of the following questions is "YES" please give full details in the Remarks Section on reverse. If additional space is needed, continue on a separate sheet of paper and attach to this form. Be sure to identify item by number.

*TO YOUR KNOWLEDGE HAS THE APPLICANT:*

| | YES | NO | | YES | NO |
|---|---|---|---|---|---|
| A. EVER HAD HIS OR HER LICENSE TO PRACTICE IN ANY JURISDICTION LIMITED, SUSPENDED OR REVOKED? | | X | G. EVER BEEN A DEFENDANT IN A FELONY CASE? | | X |
| B. EVER BEEN REFUSED MEMBERSHIP ON A MEDICAL STAFF? | | X | H. HAD ANY SIGNIFICANT MEDICAL OR MENTAL HEALTH PROBLEMS WHICH COULD AFFECT WORK PERFORMANCE? | | X |
| C. EVER HAD A REQUEST FOR SPECIFIC PRIVILEGES DENIED OR GRANTED WITH STATED LIMITATIONS? | | X | I. EVER BEEN A DEFENDANT OR THE SUBJECT OF A MALPRACTICE ACTION? | | X |
| D. EVER HAD PRIVILEGES AT ANY HOSPITAL SUSPENDED, LIMITED, OR REVOKED? | | X | IF "YES," WAS THE MATTER: | | |
| E. EVER HAD NARCOTIC REGISTRATION SUSPENDED OR REVOKED? | | X | (1) SETTLED PRIOR TO FINAL COURT ACTION? | | |
| | | | (2) JUDGMENT RENDERED BY COURT? | | |
| F. EVER BEEN ARRESTED OR TREATED FOR DRUG OR ALCOHOL ABUSE? | | X | (3) DEFENDANT FOUND LIABLE? | | |
| | | | (4) MATTER STILL PENDING? | | |



112

**11. COMPLETE IF PRIVILEGE LIST REVIEWED**

| A. REVIEWED PRIVILEGE LIST FROM | B. UPON REVIEW OF THE PRIVILEGE LIST, DO YOU HAVE ANY RESERVATIONS ABOUT THE PRACTITIONER EXERCISING ALL PRIVILEGES LISTED? |
|---|---|
| ☐ AIR FORCE RECRUITING PERSONNEL<br>☐ PRACTITIONER'S AIR FORCE CREDENTIALS FILE<br>☐ OTHER CIVILIAN *(Describe in "Remarks")* | ☐ YES *(If yes, please explain in "Remarks")* ☐ NO |
| 12. NUMBER OF YEARS YOU HAVE KNOWN THE APPLICANT<br>2 DAY E.D. EVALUATION | 13. BEST TELEPHONE NUMBER TO CONTACT YOU<br>228-377-0500 |

14. REMARKS *(Please add any other information you think appropriate in evaluating this applicant)*

Refer to memorandums, attached.

| 15. NAME AND TITLE OF EVALUATOR | 16. SIGNATURE | 17. DATE |
|---|---|---|
| WILLIAM L. HAITH, MAJ, USAF, MC<br>STAFF PHYSICIAN, EMERGENCY SERVICES 44E3A | [signature] | 26 Dec 99 |

AF FORM 1562, FEB 86 *(REVERSE)*

MEMORANDUM 02 Dec 1999

FROM: Major William Haith
Emergency Services
Keesler Medical Center
Keesler AFB
Biloxi, MS

SUBJECT: Evaluation of Major Wilma Webster

1. As Emergency Physician at Keesler Medical Center Emergency Services, I have been tasked with evaluation of Major Wilma Webster in her role as an Emergency Physician.

2. I worked with Dr. Webster on the evening of 02 Dec 99. Together we attended to four patients over the course of five hours.

3. In the areas of: appropriate history, adequate physical exam, adequate differential diagnosis, and proper dispositions, I conclude Dr. Webster's skills to be poor.

4. In the case of CW; abdominal pain, no differential diagnosis was offered prior to deciding to give the patient morphine. Surgery was consulted without a full physical exam. In the case of CJ; cold-symptoms, the history did not include comorbid risk factors. Pulse oximetry data was not reviewed. In the case of SW: radicular arm pain, a neurological exam was omitted. Demonstrated knowledge of anatomy was weak. No differential diagnosis was offered. In the case of LW; weak and dizzy, EKG interpretation was poor, approach haphazard, and laboratory evaluation incomplete. There was no differential diagnosis, and no organized workup.

5. In light of my experience with Dr. Webster, I request her evaluation period at Keesler Medical Center Emergency Services be terminated. I cannot recommend Dr. Webster to function as an Emergency Physician

6. Remediation in a non-acute clinic or out-patient setting may be an alternative to Major Webster's mission support.

William L Haith, Major, USAF MC
Emergency Physician