ORIGINAL

Case 1:05-cv-01333-CCM Document -__ Filed 08/03/2006 Page 1 of

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
AUG 3 2006
U.S. COURT OF FEDERAL CLAIMS
by leave of the Judge

| | | |
|---|---|---|
| MAJOR WILMA P. WEBSTER, MC, USAF, RETIRED, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-1333C |
| | ) | (Judge Christine O.C. Miller) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S SECOND UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rules 6(b) and 6.1 of the Rules of the United States Court of Claims ("RCFC"), the United States respectfully requests a second enlargement of time of 45 days from August 5, 2006, to and including September 19, 2006 to respond to Defendant's Motion to Dismiss. This is Plaintiff's second request for an enlargement of time for this purpose. Counsel for Plaintiff has discussed this motion with THE UNITED STATES' counsel, and he does not oppose this motion for enlargement.

The Plaintiff requests this enlargement of time due to the fact that since the Plaintiff's First Motion for Enlargement of Time was granted, Plaintiff's counsel has been seriously ill from June 30, 2006 to July 26, 2006 due to a fall he suffered in his office which caused an aggravation of his pre-existing ruptured discs at L4 – L5 and L5 – S1. This resulted in the Plaintiff having to go on bed rest for the entire period of time under a doctor's care taking both muscle relaxers (Tizanidine) and narcotic pain medication and doing physical therapy.

1. Despite this period of illness, Plaintiff's counsel was prepared to still meet the deadline for filing Plaintiff's Response to Defendant's Motion to

> Dismiss when suddenly and without warning, Plaintiff's counsel developed a Deep Vein Thrombosis (DVT) in his upper calf of his left leg and as this Motion if being prepared, he is at Dr. Roger Lyons' office, his hematologist, being treated for same with possible hospitalization and being placed on bed rest for approximately two weeks. Plaintiff's counsel has a history of two past DVT's in the last 2 ½ years and such a condition can be life threatening without immediate treatment.

Hence the delay in filing Plaintiff's Response to Defendant's Motion to Dismiss was caused not be the inadvertence or negligent actions of the Plaintiff's Counsel but rather was due to his illnesses described above. Plaintiff's counsel's office will keep the Court advised if Plaintiff's Counsel's medical condition worsens.

Plaintiff's counsel would further point out to the Court that he is a sole practitioner and has only one paralegal in his office. The paralegal is not trained in electronic filing and thus this Motion is being sent via Federal Express.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this unopposed request for an enlargement of time.

Respectfully submitted,

TERRENCE J. MARTIN, P.C.

By: ____________________

Terrence J. Martin, Sr.
Colonnade I
9901 IH 10 West, Suit 760
San Antonio, TX 78230
Tele: (210) 697-3400
Fax: (210) 697-6386
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 2nd day of August 2006, a copy of the foregoing "PLAINTIFF'S UNOPPOSED SECOND MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS," was sent via facsimile number (202) 353-7988 to Mr. Douglas K. Mickle, Trial Attorney for the Defendant, as well as via Federal Express to the District Clerk for filing for the reasons specified herein above.

Terrence T. Martin, Sr.