**NO. 05-1333C**

**(Judge Christine O.C. Miller)**

---

**IN THE UNITED STATES COURT OF THE FEDERAL CLAIMS**

---

**MAJOR WILMA P. WEBSTER,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

# DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS, AND DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE OF COURT TO AMEND PLAINTIFF'S COMPLAINT

---

**PETER D. KEISLER**
**Assistant Attorney General**

**DAVID M. COHEN**
**Director**

**FRANKLIN E. WHITE, JR.**
**Assistant Director**

**DOUGLAS K. MICKLE**
**Trial Attorney**
**Commercial Litigation Branch**
**Civil Division**
**Department of Justice**
**Attn: Classification Unit, 8th Floor**
**1100 L Street, N.W.**
**Washington, D.C. 20530**
**Tel: (202) 307-0383**
**Fax: (202) 353-7988**

**Attorneys for Defendant**

**OF COUNSEL:**

**LT COL RITA RUSSELL**
**Air Force Legal Services Agency**
**1501 Wilson Boulevard**
**Arlington, VA 22209**

**September 7, 2006**

# TABLES OF CONTENTS

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS, AND DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE OF COURT TO AMEND PLAINTIFF'S COMPLAINT . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I. Major Webster's Complaint Should Be Dismissed Because She Agrees That Her Initial Complaint For Additional Physician Speciality Pay Was Not Grounded In A Money-Mandating Provision . . . . . . . . . . . . . . . . . . 4

II. Major Webster's Request To Amend Her Initial Complaint Should Be Denied As Futile Because Her Proposed Amended Complaint Is Also Meritless . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

A. The Administrative Procedures Act Does Not Provide A Basis For This Court To Entertain Major Webster's Proposed Amended Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **6**

B. The Seventh Amendment Does Not Provide A Basis For This Court To Entertain Major Webster's Proposed Amended Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

C. The Fifth Amendment's Due Process Clause Does Not Provide A Basis For This Court To Entertain Major Webster's Proposed Amended Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

D. While It Is Not Clear From Major Webster's Proposed Complaint, Even If She Is Invoking The Takings Clause Of The Fifth Amendment As A Basis For This Court's Jurisdiction, Major Webster's Claims Challenging The Air Force's Decision To Revoke Her Credentials To Practice Medicine In The Air Force Fails To State A Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

1. Major Webster Does Not Possess A Private Property Right In Her State Medical Licenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

2. Even Assuming Major Webster Had A Protected Property Interest, She Was Not Deprived Of That Interest By The Federal Government . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

3. Major Webster's Failure To Allege The Validity Of The Air Force's Action In Reporting Her To The National Practitioner's Data Bank Is Fatal To Her Takings Claim . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## TABLE OF AUTHORITIES

**CASES:** **PAGES:**

Acadia Tech., Inc. v. United States,
—F.3d—, 2006 WL 2256802
*3 (Fed. Cir. Aug. 8, 2006) . . . . . 13

Agee v. United States,
Fed. Cl. No. 05-1051,
2006 WL 2130511 (July 28, 2006) . . . . . 12

American Pelagic Fishing Co. v. United States,
379 F.3d 1363 (Fed. Cir. 2004) . . . . . 9

B & G Enterprises, Ltd. v. United States,
220 F.3d 1318 (Fed. Cir. 2000) . . . . . 12

Baltimore & Carolina Line, Inc. v. Redman,
295 U.S. 654 (1935) . . . . . 7

Capital Eng'g & Mfg. Co. V. United States,
19 Cl. Ct. 774 (1990) . . . . . 7

Car Carriers, Inc. v. Ford Motor Co.,
745 F.2d 1101 (7th Cir. 1984) . . . . . 2

Collins v. United States,
67 F.3d 284 (Fed. Cir. 1995) . . . . . 8

Conti v. United States,
291 F.3d 1334 (Fed. Cir. 2002) . . . . . 11

Crest A. Apartments, LTD. II v. United States,
52 Fed. Cl. 607 (2002) . . . . . 2

Crocker v. United States,
125 F.3d 1475 (Fed. Cir. 1997) . . . . . 8

Cupey Bajo Nursing Home, Inc. v. United States,
36 Fed. Cl. 122 (1996) . . . . . 5

D.R. Smalley & Sons, Inc. v. U.S.,
178 Ct. Cl. 593 (1967) . . . . . 12

E.W. Bliss Co. v. United States,
77 F.3d 445 (Fed. Cir. 1996) . . . . . . . . . . 5

First Interstate Bank of Billings v. United States,
960 F.2d 1576 (Fed. Cir.),
cert. denied, 506 U.S. 953 (1992) . . . . . . . . . . 5

Florida Rock Indus., Inc. v. United States,
791 F.2d 893 (Fed. Cir. 1986),
cert. denied, 479 U.S. 1053 (1987) . . . . . . . . . . 13

Forman v. Davis,
371 U.S. 178 (1962) . . . . . . . . . . 5

Herndon v. United States,
36 Fed. Cl. 196 (1996),
aff'd, 121 F.3d 727 (Fed. Cir. 1997)(Table) . . . . . . . . . . 5

Hurt v. United States,
64 Fed. Cl. 88 (2005),
aff'd, 134 Fed. Appx. 446 (Fed. Cir. June 2, 2005) . . . . . . . . . . 8

Lawmaster v. Ward,
125 F.3d 1341 (10th Cir. 1997) . . . . . . . . . . 2

LeBlanc v. United States,
50 F.3d 1025 (Fed. Cir. 1995) . . . . . . . . . . 8

Lehman v. Nakshian,
453 U.S. 156 (1981) . . . . . . . . . . 7

Martinez v. United States,
333 F.3d 1295 (Fed. Cir. 2003)(en banc) . . . . . . . . . . 6

McNabb v. United States,
54 Fed. Cl. 759 (2002) . . . . . . . . . . 6

Members of the Peanut Quota Holders Assoc., Inc. v. United States,
421 F.3d 1323 (Fed. Cir. 2005) . . . . . . . . . . 9, 10

Misui Foods, Inc. v. United States,
867 F.2d 1401 (Fed. Cir. 1989) . . . . . . . . . . 5

Siemens Aktiengesellschaft v. United States,
26 Fed. Cl. 312 (1992) . . . . . . . . . . 5

Spalding & Son, Inc. v. United States,
22 Cl. Ct. 678 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

State of Alaska v. United States,
15 Cl. Ct. 276 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

St. Paul Fire & Marine Ins. Co. v. United States,
31 Fed. Cl. 151 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Tabb Lakes, Ltd. v. United States,
10 F.3d 796 (Fed. Cir.1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Te-Moak Bands of W. Shoshone Indians of Nevada v. United States,
948 F.2d 1258 (Fed. Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Connolly,
716 F.2d 882 (Fed. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

United States v. Rush,
804 F.2d 645 (Fed. Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. Sherwood,
312 U.S. 584 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Voge v. United States,
844 F.2d 776 (Fed. Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## CONSTITUTIONAL PROVISIONS

U.S. Const. Amend. V, cl. 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

U.S. Const. Amend. V, cl. 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9

U.S. Const. Amend. VII . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 7

**STATUTES**

5 U.S.C. § 704 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

28 U.S.C. § 1491(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Cal. Bus. & Prof. Code § 2227 (West 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Mich. Comp. Laws Ann. § 333.16221 (West 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Mich. Comp. Laws Ann. § 333.16226 (West 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Mich. Comp. Laws Ann. § 333.16227 (West 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

W.S.A. § 448.02 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

N.Y. Education Law § 6530 (McKinney 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

N.Y. Education Law § 6531 (McKinney 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

N.Y. Education Law § 6532 (McKinney 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

PA. Stat. Ann. tit. 63 § 422.41 (West 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

PA. Stat. Ann. tit. 63 § 422.42 (West 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **MAJOR WILMA P. WEBSTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 05-1333C** |
| | ) | **(Judge Christine O.C. Miller)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS, AND DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE OF COURT TO AMEND PLAINTIFF'S COMPLAINT**

Pursuant to Rule 7.2 (a) and (c) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully submits this combined reply and response to plaintiff's response to defendant's motion to dismiss and motion for leave of court to amend plaintiff's complaint, which was electronically filed on August 28, 2006. For the following reasons, plaintiff's arguments should be rejected, her motion to amend should be denied, and her complaint should be dismissed.

In our moving brief, we demonstrated that Major Webster's complaint seeking Additional Special Pay for physicians must be dismissed because the Court lacks jurisdiction to entertain it. We established that it is well-settled that this Court does not possess jurisdiction to review an agency decision pursuant to the Administrative Procedure Act, 5 U.S.C. § 704 ("APA"), which was the sole jurisdictional basis Major Webster alleged in her complaint.

We further demonstrated that Major Webster's complaint should be dismissed because Major Webster could not point to any statute or regulation that mandates the money she was seeking – Additional Special Pay for physicians. We then explained that, even if Major Webster amended her complaint in an attempt to assert a proper jurisdictional basis, because Major

Webster does not have any entitlement to, or legitimate expectation of, the continuation of Additional Special Pay for physicians, binding precedent dictates that the decision granting or terminating Additional Special Pay is not subject to review. Voge v. United States, 844 F.2d 776, 780 (Fed. Cir. 1988). Therefore, Major Webster's complaint could also be dismissed for presenting a nonjusticiable issue.

Finally, we demonstrated that because this Court may grant equitable relief only if it is collateral to, or as an incident of, a judgment for money damages, and given that Major Webster cannot obtain a money judgment, the Court lacks subject matter jurisdiction to consider her request for equitable relief.

In her response, Major Webster concedes that her original complaint seeking Additional Speciality Pay fails because there is no statute or regulation that mandates its payment. Pl. Amend. Compl. ¶ 12; Pl. Resp. p. 43.[1] Instead, Major Webster inappropriately uses her response to attempt to amend her complaint to allege new theories of which she believes this Court possesses jurisdiction to consider.[2] Specifically, Major Webster's proposed amended complaint continues to allege that the APA provides a jurisdictional basis for this Court to entertain her complaint; however, she also is now arguing that the Seventh Amendment to the Constitution provides an additional basis for this Court's jurisdiction. Pl. Amend. Compl. ¶ 11.

---

[1] We will refer to Major Webster's complaint as ("Compl."), her proposed amended complaint as ("Pl. Amend. Compl."), and her Response To Defendant's Motion To Dismiss And Motion For Leave Of Court To File Amended Complaint as ("Pl. Resp.").

[2] See Lawmaster v. Ward, 125 F.3d 1341, 1345 n.2 (10th Cir. 1997) (refusing to consider claim not raised in complaint); Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss."); Crest A. Apartments, LTD. II v. United States, 52 Fed. Cl. 607, 613 (2002) (refusing to consider claim asserted in summary judgment motion but not in complaint).

Major Webster's amended complaint further alleges that the United States Air Force's Office of Surgeon General "sent an unfavorable report to the [National Practitioner's Data Bank] which resulted in [Major Webster] having all of her licenses revoked in every state in which she practiced [medicine]." Pl. Amend. Compl. ¶ 14. In her proposed amended complaint, Major Webster contends that, as a result of the Air Force's alleged violation of her "constitutionally protected right to due process," the Government was involved in "the taking of her property, that is, her licenses and right to practice medicine." Pl. Amend. Compl. ¶ 13.n. Based upon this "unconstitutional taking of her licenses to practice medicine," Major Webster now seeks over $840,606.20 in past damages, and until the Air Force "rescinds its unfavorable information letter to the [National Practitioner's Data Bank] and [Major Webster's] medical licences are reinstated," Major Webster seeks at least $11,747.92 per month in future damages. Pl. Amend. Comp. ¶ 16.

Given Major Webster's clear admission that she is <u>not</u> entitled to Additional Special Pay for physicians, Pl. Resp. p. 43, Major Webster's complaint must be dismissed. Moreover, even if the Court treated Major Webster's response as a properly amended complaint, as we demonstrate below, Major Webster's amended complaint would still fail to provide a proper basis for this Court's jurisdiction, and her proposed amended complaint would have to be dismissed. In the alternative, we show that even assuming Major Webster's proposed amended complaint alleges a violation of the Fifth Amendment's Takings Clause, her proposed amended complaint must be dismissed because it fails to state a claim upon which relief may be granted. Accordingly, the Court should dismiss Major Webster's initial complaint, and not grant her request to amend her complaint because it would be futile.

## ARGUMENT

### I. Major Webster's Complaint Should Be Dismissed Because She Agrees That Her Initial Complaint For Additional Physician Speciality Pay Was Not Grounded In A Money-Mandating Provision

Major Wilma Webster's complaint before this Court seeks Additional Special Pay for physicians for the six month period she served upon active duty prior to her medical retirement, i.e., July 2000 to December 2000. See Compl. ¶¶ 4, 13n. In addition to this monetary claim, Major Webster also requests the Court to: (1) void a finding and recommendation of a MPRB that restricted Major Webster from practicing emergency room medicine; (2) void a determination by her commander that restricted Major Webster from practicing emergency room medicine and limited her practice to certain clinics and only when she was being supervised; and (3) direct the Air Force's Surgeon General to rescind or modify information the Air Force had previously furnished to the National Practitioner Data Bank. Compl. pp. 8-9 (Prayer for Relief).

In our motion to dismiss, we demonstrated that the complaint should be dismissed for lack of subject matter jurisdiction because Major Webster Major Webster has not alleged a money-mandating statute in her complaint. In her response, Major Webster admits that the United States' contentions upon this point are correct because there is no statute or regulation that is money-mandating. Pl. Amend. Compl. ¶ 12; Pl. Resp. p. 43. Accordingly, the Court should dismiss Major Webster's complaint.

**II. Major Webster's Request To Amend Her Initial Complaint Should Be Denied As Futile Because Her Proposed Amended Complaint Is Also Meritless**

Although Rule 15 has been liberally construed to permit relevant amendments, its scope is not unlimited. E.g., E.W. Bliss Co. v. United States, 77 F.3d 445, 449-50 (Fed. Cir. 1996); First Interstate Bank of Billings v. United States, 960 F.2d 1576, 1582-83 (Fed. Cir.), cert. denied, 506 U.S. 953 (1992); Te-Moak Bands of W. Shoshone Indians of Nevada v. United States, 948 F.2d 1258, 1260-63 (Fed. Cir. 1991); Herndon v. United States, 36 Fed. Cl. 196, 202-04 (1996), aff'd, 121 F.3d 727 (Fed. Cir. 1997) (table); Cupey Bajo Nursing Home, Inc. v. United States, 36 Fed. Cl. 122, 132 (1996); Spalding & Son, Inc. v. United States, 22 Cl. Ct. 678, 680-81 (1991). "The decision whether to allow leave to amend pleadings . . . is within the sound discretion of the trial court." First Interstate Bank, 61 F.3d at 881 (citing Te-Moak Bands, 948 F.2d at 1260); accord E.W. Bliss, 77 F.3d at 450; Spalding, 22 Cl. Ct. at 680.

Commonly identified grounds for a court's denial of a proposed amended pleading include: (1) undue delay; (2) bad faith; (3) dilatory motive; (4) repeated failure to cure deficiencies; (5) undue prejudice to opposing party; or (6) futility of proposed amendment. Te-Moak Bands, 948 F.2d at 1260 (quoting Forman v. Davis, 371 U.S. 178, 182 (1962)); Misui Foods, Inc. v. United States, 867 F.2d 1401, 1403-04 (Fed. Cir. 1989); Herndon, 36 Fed. Cl. at 202; St. Paul Fire & Marine Ins. Co. v. United States, 31 Fed. Cl. 151, 153 (1994); Siemens Aktiengesellschaft v. United States, 26 Fed. Cl. 312, 313 (1992). As stated in Spalding, "[t]he existence of any one of these criteria is sufficient to deny a motion to amend, the theory being that the amendment would not be necessary to serve the interests of justice under the circumstances." 22 Cl. Ct. at 680. When futility is asserted as a basis for denying a proposed amendment, "courts simply decide whether a party's proposed amendment is facially meritless

and frivolous, i.e., 'Where futility is proposed as a basis for denying amending a complaint, courts will discern whether a pleading is frivolous and insufficient on its face or has been adequately addressed in the prior complaint.'" St. Paul Fire & Marine, 31 Fed. Cl. at 155 (quoting State of Alaska v. United States, 15 Cl. Ct. 276, 280 (1988)).

As we demonstrate below, Major Webster's proposed amended complaint would still mandate dismissal for lack of jurisdiction and failure to state a claim.

### A. The Administrative Procedures Act Does Not Provide A Basis For This Court To Entertain Major Webster's Proposed Amended Complaint

In her proposed amended complaint, Major Webster still does not cite a proper jurisdictional basis for the Court to hear her claims. Major Webster continues to cite to the Administrative Procedure Act ("APA"), 5 U.S.C. § 704, as a basis for jurisdiction in this case. Amended Compl. ¶ 11. However, as we explained in our opening brief, this Court does not possess jurisdiction to review an agency decision pursuant to the APA. Martinez v. United States, 333 F.3d 1295, 1313 (Fed. Cir. 2003)(en banc)(holding that the United States Court of Federal Claims lacks APA jurisdiction); see also McNabb v. United States, 54 Fed. Cl. 759, 767 (2002) (holding "APA reviews are conducted in federal district court rather than the [United States] Court of Federal Claims, since the APA addresses 'relief other than money damages.'"). As a result, this Court lacks jurisdiction to consider Major Webster's complaint pursuant to the APA.

### B. The Seventh Amendment Does Not Provide A Basis For This Court To Entertain Major Webster's Proposed Amended Complaint

In her proposed amended complaint, Major Webster also alleges that this Court possess jurisdiction to entertain her complaint pursuant to the Seventh Amendment of the Constitution.

Pl. Amend. Compl. ¶¶ 11, 13.m., 14. However, the Seventh Amendment is not a money-mandating provision of the Constitution. The Seventh Amendment to the United States Constitution only guarantees a litigant's right to a trial by jury:

> In suits at common law, where the value in controversy shall exceed twenty dollars, the right of a trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

U.S. Const. amend. VII. Indeed, it is clear from the plain language of this Amendment that this Amendment does not mandate the payment of money damages to redress a violation. Id. As the United States Supreme Court explained in Baltimore & Carolina Line, Inc. v. Redman, 295 U.S. 654 (1935):

> [t]he aim of the [Seventh] [A]mendment . . . is to preserve the substance of the common-law right of trial by jury, as distinguished from mere matters of form or procedure, and particularly to retain the common-law distinction between the province of the court and that of the jury, whereby . . . issues of law are to be resolved by the court and issues of fact are to be determined by the jury under appropriate instructions by the court.

Id. at 657.

Finally, it is settled that "there is no [S]eventh [A]mendment right to a jury trial in suits against the [G]overnment" in this Court. Capital Eng'g & Mfg. Co. v. United States, 19 Cl. Ct. 774, 776 (1990) (citing Lehman v. Nakshian, 453 U.S. 156 (1981); United States v. Rush, 804 F.2d 645, 647 (Fed. Cir. 1986); see also United States v. Sherwood, 312 U.S. 584, 587 (1941) ("Congress, despite the Seventh Amendment, may dispense with a jury trial in suits brought in the Court of Claims."). Accordingly, Major Webster's claims that are based upon a violation of the Seventh Amendment must be dismissed for lack of jurisdiction because it does apply to this

Court, let alone mandate the payment of money damages. United States v. Connolly, 716 F.2d 882, 886-87 (Fed. Cir. 1983)(en banc).

**C. The Fifth Amendment's Due Process Clause Does Not Provide A Basis For This Court To Entertain Major Webster's Proposed Amended Complaint**

In her response brief, Major Webster also indirectly alleges that this Court possess jurisdiction to entertain her complaint pursuant to the Due Process Clause of the Fifth Amendment. See Pl. Resp. p. 5. Although this Court may exercise jurisdiction over claims "founded . . . upon the Constitution," the scope of this Court's jurisdiction to consider constitutional claims is limited to claims arising under provisions of the Constitution that mandate the payment of money. See 28 U.S.C. § 1491(a)(1). Because it is well-settled that the Due Process Clause of the Fifth Amendment is not money-mandating, the Court must dismiss Major Webster's Due Process claims for lack of jurisdiction. See Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997)("The Court of Federal Claims correctly concluded that it does not have jurisdiction to hear [plaintiff's] due process . . . claims under the Fifth Amendment to the United States Constitution."); Collins v. United States, 67 F.3d 284, 288 (Fed. Cir. 1995)(citing additional cases)("[T]he due process clause does not obligate the government to pay money damages."); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995); Hurt v. United States, 64 Fed. Cl. 88, 89 (2005), aff'd, 134 Fed. Appx. 446 (Fed. Cir. June 2, 2005) (Table) (dismissing a claim arising under the Due Process Clause of the Fifth Amendment for lack of jurisdiction). Accordingly, Major Webster's claims that are based upon a violation of the Fifth Amendment's Due Process Clause must be dismissed for lack of jurisdiction.

**D. While It Is Not Clear From Major Webster's Proposed Amended Complaint, Even If She Is Invoking The Takings Clause Of The Fifth Amendment As A Basis For This Court's Jurisdiction, Major Webster's Claims Challenging The Air Force's Decision To Revoke Her Credentials To Practice Medicine In The Air Force Fails To State A Claim**

In her proposed amended complaint, Major Webster also alludes to a possible claim that is based upon the Takings Clause of the Fifth Amendment. See Pl. Amend. Compl. ¶¶ 13.m, 14. Even assuming that Major Webster is basing her complaint upon the Takings Clause, her claims still fail because: 1) Major Webster does not possess a property, let alone a private property, interest in her medical licenses; 2) Major Webster was not deprived of any property by the Federal Government; and 3) even assuming that her medical licenses are private property that was taken by the United States Air Force, Major Webster's claim still fails because her response brief makes clear that Major Webster does not believe that the alleged actionable "taking" resulted from authorized Federal actions.

**1. Major Webster Does Not Possess A Private Property Right In Her State Medical Licenses**

The Takings Clause provides, "nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V, cl. 4. In order to establish a violation of the Takings Clause, Major Webster must possess a private property interest which is compensable under the Takings Clause. American Pelagic Fishing Co. v. United States, 379 F.3d 1363, 1372 (Fed. Cir. 2004). In order to constitute private property for purposes of the Takings Clause, the property must possess certain indicia of private property, including the ability to transfer the property, and the ability to exclude others from the use or enjoyment of that property. Members of the Peanut Quota Holders Assoc., Inc. v. United States, 421 F.3d 1323, 1331 (Fed. Cir. 2005).

Major Webster's medical licenses were not private property under the Takings Clause because they did not possess any of the characteristics of private property. There is no indication that Major Webster had the right to sell, assign, or otherwise transfer her medical licenses to another person, and there is no indication that Major Webster had the right to prevent the state governments from issuing medical licenses to other people. Furthermore, there is no indication that the number of medical licenses granted by the states is fixed or capped by the state governments. See id. at 1333-34 (distinguishing between a license, which is not private property because the number of licenses granted is indeterminate, and a quota allotment, which is private property).

Furthermore, even if Major Webster's medical licenses were transferable, and even if the states only issued a fixed number of medical licenses, Major Webster would not have a private property interest in the licenses protected by the Takings Clause because her licenses were revocable at any time. See, e.g., Cal. Bus. & Prof. Code § 2227 (West 2003) (providing for revocation of medical licenses); see also Mich. Comp. Laws Ann. §§ 333.16221, 333.16226, 333.16227 (West 2006); W.S.A. § 448.02(3); N.Y. Education Law §§ 6530-6532 (McKinney 2006); PA. Stat. Ann. tit. 63 §§ 422.41, 422.42 (West 2006). In Members of the Peanut Quota Holders Assoc., the Federal Circuit addressed a Takings Claim raised by farmers to whom the Federal Government had issued peanut quota allotments. 421 F.3d at 1330-36. The Court held that the peanut farmers possessed a private property interest in quota allotments because the quota allotments were transferrable and because the number of allotments under the quota was fixed. Id. at 1333-34. However, this private property interest was not protected by the Takings

Clause because the quota was revocable by the Government. Id. at 1334-35. As the Court stated,

> The government is free to create programs that convey benefits in the form of property, but unless the statute itself or surrounding circumstances indicate that such conveyances are intended to be irrevocable, the government does not forfeit its right to withdraw those benefits or qualify them as it chooses.

Id. at 1335; see also Conti v. United States, 291 F.3d 1334, 1342 (Fed. Cir. 2002) ("A contrary holding, as the Supreme Court recognized in Fuller, counterintuitively would compensate a claimant for the value of a right that the Government can grant or withhold as it chooses"). For this reason, even if Major Webster's medical licenses constituted private property, any deprivation of that property was not compensable under the Takings Clause because Major Webster's medical licenses were subject to revocation.

As to Major Webster's allegations that she was deprived of her ability to practice medicine in violation of the Takings Clause, Pl. Amend. Compl. ¶ 13.m., this allegation fails to state a claim upon which relief may be granted because her employment does not constitute private property because Major Webster cannot transfer her license to practice in that state to another person, nor may she exclude others from entering the medical profession.[3] Furthermore, a review of these state's website regarding disciplinary actions taken against medical licensees shows that Major Webster's licenses were not all revoked by the state.[4] For example, in New

[3] Courts have also held that when there is no private property interest in a license or permit protected by the Takings Clause, private property which is dependent upon that license or permit is also not protected by the Takings Clause. See, e.g., Conti v. United States, 291 F.3d at 1344.

[4] We have attached to this reply as an appendix the various documents that were retrievable from each state's licensor board and will refer to pages in the appendix as "DA."

York, Major Webster's license was revoked upon Major Webster's voluntary agreement to give up her license. DA 1-6. In California, Major Webster's license was restricted until she was evaluated. DA 8. In Wisconsin, the record shows her practice there is merely "limited." DA 16, 18. Similarly, Michigan simply limited her practice. DA 21. Finally, in Pennsylvania, Major Webster's license was suspended by the state. DA 27. For these reasons, Major Webster did not possess a private property interest in her employment or professional reputation.

**2. Even Assuming Major Webster Had A Protected Property Interest, She Was Not Deprived Of That Interest By The Federal Government**

Even if Major Webster had been deprived of a protected private property interest, she cannot demonstrate a violation of the Takings Clause because she was not deprived of this property interest by the Federal Government. In order to establish a violation of the Takings Clause, Major Webster must establish not only a protected private property interest, but also that the property interest was taken by the Federal Government, or by another entity acting as an agent of the Federal Government. B & G Enterprises, Ltd. v. United States, 220 F.3d 1318, 1323-1325 (Fed. Cir. 2000); D. R. Smalley & Sons, Inc. v. U. S., 178 Ct.Cl. 593, 372 F.2d 505, 507-08 (1967).

Major Webster admits that her medical licenses were taken by the states of California, Michigan, Wisconsin, and Pennsylvania, not the Federal Government. See Pl. Amend. Compl. ¶ 14. The Federal Government did not direct the states to revoke her medical license, nor is there any other indication that the states acted as agents of the Federal Government in revoking Major Webster's medical license. See Agee v. United States, Fed. Cl. No. 05-1051, 2006 WL 2130511 * 3 (July 28, 2006). At bottom, the Air Force does not possess the authority to issue, let alone, revoke, a medical license upon behalf of a state. Moreover, as Major Webster admits,

all the Air Force did in her case was simply forward information to these states. Id. The states then acted upon that information as they saw fit. Finally, as we showed above, Major Webster's licenses were not all revoked by these states. Indeed, in New York and Wisconsin, it appears that Major Webster agreed to the actions taken by these states against her.

### 3. Major Webster's Failure To Allege The Validity Of The Air Force's Action In Reporting Her To The National Practitioner's Data Bank Is Fatal To Her Takings Claim

A final reason why Major Webster's proposed amended complaint must be dismissed for failing to state a claim is that she fails to admit that the Government's alleged taking of her medical licenses were authorized. It is well-settled that an actionable "takings" can only result from authorized Federal actions. See Acadia Tech., Inc. v. United States, --- F.3d ----, 2006 WL 2256802 * 3 (Fed. Cir. Aug. 8, 2006) (holding that, in a takings case, the court assumes that the underlying action was lawful and decides only whether the governmental action in question constituted a taking for which compensation must be paid); see also Tabb Lakes, Ltd. v. United States, 10 F.3d 796, 802 (Fed. Cir.1993) ("[C]laimant must concede the validity of the government action which is the basis of the taking claim to bring suit under the Tucker Act."); Florida Rock Indus., Inc. v. United States, 791 F.2d 893, 898-899 (Fed. Cir.1986), cert. denied, 479 U.S. 1053 (1987) (recognizing that takings cases are based on the proper exercise of statutory and regulatory authority).

In her response brief, Major Webster provides clear evidence that she believes that the actions of the Air Force were unauthorized and beyond its statutory and regulatory authority. Pl. Resp. pp. 8-43, 45-47; Pl. Amend. Compl. ¶¶ 8, 9, 13.b.-.l. Accordingly, even assuming that Major Webster possessed a valid private property interest in her medical licences, and that they

were taken by the Air Force and not the issuing states, Major Webster's takings claim fails because she does not contend that Air Force acted lawfully.

## CONCLUSION

For the reasons stated above, and for the reasons stated in our motion to dismiss, we respectfully request that the Court dismiss Major Webster's original complaint, and deny her request to amend her complaint as futile because her proposed amended complaint would still fail for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), or in the alternative, pursuant to 12(b)(6) for failure to state a claim.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/Douglas K. Mickle
DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., N.W.
Washington, D.C. 20530
Tele: (202) 307-0383
Fax: (202) 353-7988

Attorneys for Defendant

OF COUNSEL:

LT COL RITA RUSSELL
Air Force Legal Services Agency
1501 Wilson Boulevard
Arlington, VA 22209

September 6, 2006

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 7th day of September 2006, a copy of the foregoing "**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS, AND DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE OF COURT TO AMEND PLAINTIFF'S COMPLAINT**," with its accompanying appendix was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas Mickle
Douglas K. Mickle