# INDEX TO APPENDIX

**DOCUMENT** **PAGE**

New York State Board for Professional Medical Conduct Documents . . . . . . . . . . . . . . . . . . . . . . 1

Medical Board of California Documents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

State of Wisconsin Department of Regulation & Licensing Documents . . . . . . . . . . . . . . . . . . 16

Michigan Department of Community Health Documents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Pennsylvania State Health Licensing Boards Release Actions . . . . . . . . . . . . . . . . . . . . . . . . . 22

***New York State Board for Professional Medical Conduct***
*433 River Street, Suite 303 • Troy, New York 12180-2299 • (518) 402-0863*

Antonia C. Novello, M.D.,M.P.H., Dr. P.H.
*Commissioner*
*NYS Department of Health*

Dennis P. Whalen
*Executive Deputy Commissioner*
*NYS Department of Health*

Dennis J. Graziano, Director
*Office of Professional Medical Conduct*

William P. Dillon, M.D.
*Chair*

Denise M. Bolan, R.P.A.
*Vice Chair*

Ansel R. Marks, M.D., J.D.
*Executive Secretary*

April 16, 2001

***CERTIFIED MAIL-RETURN RECEIPT REQUESTED***

Wilma Pauline Webster, M.D.
3031 Ontario Court
Rosamond, CA 93560

RE: License No. 155471

Dear Dr. Webster:

Enclosed please find Order #BPMC 01-96 of the New York State Board for Professional Medical Conduct. This Order and any penalty provided therein goes into effect April 16, 2001.

If the penalty imposed by the Order is a surrender, revocation or suspension of this license, you are required to deliver to the Board the license and registration within five (5) days of receipt of the Order to Board for Professional Medical Conduct, New York State Department of Health, Hedley Park Place, Suite 303, 433 River Street, Troy, New York 12180.

Sincerely,

Ansel R. Marks, M.D., J.D.
Executive Secretary
Board for Professional Medical Conduct

Enclosure
cc: Robert Bogan, Esq.

STATE OF NEW YORK : DEPARTMENT OF HEALTH
STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT

| | |
|---|---|
| **IN THE MATTER** | **SURRENDER** |
| **OF** | **ORDER** |
| | BPMC No. 01-96 |
| **WILMA PAULINE WEBSTER, M.D.**<br>**CO-01-02-0737-A** | |

**WILMA PAULINE WEBSTER, M.D.**, says:

On or about August 15, 1983, I was licensed to practice medicine as a physician in the State of New York having been issued License No. 155471 by the New York State Education Department. I currently reside at 3031 Ontario Court, Roseamond, CA 93560.

I am not currently registered with the New York State Education Department to practice as a physician in the State of New York.

I understand that the New York State Board for Professional Medical Conduct has charged me with two (2) specifications of professional misconduct as set forth in the Statement of Charges, annexed hereto, made a part hereof, and marked as Exhibit "A."

I have not practiced medicine in New York state in many years and I do not intend to return to practice medicine in New York state. I am, therefore, applying to the State Board for Professional Medical Conduct for an agreement to allow me to surrender my license as a physician in the State of New York and request that the Board issue this Surrender Order.

I, hereby, agree not to contest the two (2) specifications set forth in the Statement of Charges (Exhibit A).

I understand that, in the event that this proposed agreement is not granted by the State Board for Professional Medical Conduct, nothing contained herein shall be binding upon me or construed to be an admission of any act of misconduct alleged or charged against me, such proposed agreement shall not be used against me in any way, and shall be kept in strict

confidence during the pendency of the professional misconduct disciplinary proceeding; and such denial by the State Board for Professional Medical Conduct shall be made without prejudice to the continuance of any disciplinary proceeding and the final determination by a Committee on Professional Medical Conduct pursuant to the provisions of the Public Health Law.

I agree that, in the event the Board grants my Application, as set forth herein, an order of the Chairperson of the Board shall be issued in accordance with same upon issuance by the Board, which may be accomplished by mailing, by first class mail, a copy of the Order to me at the address set forth above, or to my attorney, or upon transmission via facsimile to me or my attorney, whichever is first.

I am making this agreement of my own free will and accord and not under duress, compulsion, or restraint of any kind of manner.

Date: April 2, 2001

WILMA PAULINE WEBSTER, M.D.
Respondent

AGREED TO:

Date: April 5, 2001

ROBERT BOGAN
Associate Counsel
Bureau of Professional Medical Conduct

Date: April 6, 2001

DENNIS J. GRAZIANO
Director, Office of Professional Medical Conduct

EXHIBIT A

STATE OF NEW YORK DEPARTMENT OF HEALTH
STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT

| IN THE MATTER OF WILMA PAULINE WEBSTER, M.D. CO-01-02-0737-A | STATEMENT OF CHARGES |
|---|---|

**WILMA PAULINE WEBSTER, M.D.,** the Respondent, was authorized to practice medicine in New York state on August 15, 1983, by the issuance of license number 155471 by the New York State Education Department.

## FACTUAL ALLEGATIONS

A. On or about January 19, 2000, the United States, Department of the Air Force, (hereinafter "U.S. Air Force"), by a letter to Respondent, approved a revocation of her Emergency Medicine privileges and restriction of Primary Care privileges, based on inappropriate actions and cognative deficit.

B. On or about December 20, 2000, the State of Michigan, Department of Consumer & Industry Services, Bureau of Health Services, Board of Medicine, Disciplinary Committee (hereinafter "Michigan Board"), by a Consent Order (hereinafter "Michigan Order"), LIMITED Respondent's license so that she shall not practice emergency medicine and placed her on PROBATION for six (6) months with conditions, based on the U.S. Air Force action set forth in Paragraph A above.

C. On or about February 21, 2001, the Division of Medical Quality, Medical Board of California, Department of Consumer Affairs (hereinafter "California Board") by a Decision (hereinafter "California Decision"), revoked Respondent's certificate to practice medicine, stayed the revocation and placed it on three (3) years probation with terms and conditions, based on her medical privileges being restricted by the U.S. Air Force as set forth in Paragraph A above.

D. The conduct resulting in the U.S. Air Force, the Michigan Board, and the California Board disciplinary actions against Respondent would constitute misconduct under the laws of New York state, pursuant to the following sections of New York state law:

1. New York Education Law §6530(7) (practicing the profession while impaired).

## SPECIFICATIONS

## FIRST SPECIFICATION

Respondent violated New York Education Law §6530(9)(b) by having been found guilty of improper professional practice or professional misconduct by a duly authorized professional disciplinary agency of another state where the conduct upon which the finding was based would, if committed in New York state, constitute professional misconduct under the laws of New York state, in that Petitioner charges:

1. The facts in paragraphs A, B, C, and/or D.

## SECOND SPECIFICATION

Respondent violated New York Education Law §6530(9)(d) by having had disciplinary action taken after a disciplinary action was instituted by a duly authorized professional disciplinary agency of another state, where the conduct resulting in the disciplinary action would, if committed in New York state, constitute professional misconduct under the laws New York state, in that Petitioner charges:

2. The facts in paragraphs A , B, C, and/or D.

DATED: April 5 , 2001
Albany, New York

Peter D. Van Buren
PETER D. VAN BUREN
Deputy Counsel
Bureau of Professional Medical Conduct

**ORDER**

Upon the proposed agreement of **WILMA PAULINE WEBSTER, M.D.,** to Surrender her license as a physician in the State of New York, which proposed agreement is made a part hereof, it is AGREED TO and

ORDERED, that the proposed agreement and the provisions thereof are hereby adopted; it is further

ORDERED, that the name of the Respondent be stricken from the roster of physicians in the State of New York; it is further

ORDERED, that this Order shall be effective upon issuance by the Board, which may be accomplished by mailing, by first class mail, a copy to Respondent at the addresses set forth in this agreement, or to Respondent's attorney, or upon transmission via facsimile to Respondent or Respondent's attorney, whichever is earliest.

DATED: 4/10, 2006

William P. Dillon MD
WILLIAM P. DILLON, M.D.
Chair
State Board for Professional
Medical Conduct

# Medical Board of California

1426 Howe Avenue, Suite 54
Sacramento, CA 95825-3236
Consumer Information Line: (916) 263-2382

## Physician Information

| | |
|---|---|
| **Licensee Name:** | WILMA PAULINE WEBSTER, MD |
| **License Type:** | PHYSICIAN AND SURGEON-FEE EXEMPT |
| **License Number:** | CFE42836 |
| **License Status:** | LICENSE DELINQUENT<br>LICENSEE IN MILITARY |
| **Public Record Actions:** | LIMITS ON PRACTICE<br>PROBATION<br>DISCIPLINE BY OTHER STATE/FEDERAL GOVERNMENT |
| **Original Issue Date:** | DECEMBER 10, 1990 |
| **Expiration Date:** | JULY 31, 2002 |
| **Address:** | 3031 ONTARIO COURT<br>ROSAMOND, CA 93560 |
| **County:** | KERN |

## Public Disclosure

To find out what information is and is not available, please click here. If information is posted in the Administrative Disciplinary Actions or Administrative Citation Issued categories below, documents may be available for review. Please click here to search the public document database.

**Administrative Disciplinary Actions**

**Def App 07**

The Medical Board's public disclosure screens are updated periodically as new information becomes available. Please contact the Central File Room at (916) 263-2525 or at 1426 Howe Avenue, Suite 54, Sacramento, CA 95825, to obtain a copy of public documents at a minimal charge.

| | |
|---|---|
| Case Number: | 162000108250 |
| Description of Action: | EFFECTIVE 03/23/01 CANNOT PRACTICE MEDICINE PENDING PASSING AN EVALUATION. THREE YEARS PROBATION WITH VARIOUS TERMS & CONDITIONS.RESTRICTIONS: DURING PROBATION, DR. WEBSTER IS PROHIBITED FROM PRACTICING IN AN EMERGENCY ROOM AND FROM ENGAGING IN SOLO PRACTICE. |
| Effective Date of Action: | MARCH 23, 2001 |

**Disciplinary Actions Taken by Other State or Federal Government**

This information is provided by another state/federal government agency. The Medical Board of California may take disciplinary action based on the discipline imposed by another state/federal government agency. For more information or verification, contact the agency listed below that imposed the discipline.

| | |
|---|---|
| Complaint Number: | 162000108250 |
| Jurisdiction: | DEPARTMENT OF AIR FORCE |
| Description of Action: | EMERGENCY MEDICINE PRIVILEGES RESCINDED BY THE DEPARTMENT OF THE AIR FORCE. BASED ON CLINICAL PROFICIENCY & PROFESSIONAL CONDUCT. |
| Date of Action: | MARCH 25, 1999 |

| | |
|---|---|
| Complaint Number: | 162001118451 |
| Jurisdiction: | MICHIGAN BOARD OF MEDICINE |
| Description of Action: | MICHIGAN STIPULATED W/RESPONDENT THAT LICENSE/PRACTICE WERE RESTRICTED& PLACED ON PROBATION FOR SIX MOS. BASED ON U.S. AIR FORCE ACTION FORMENTAL OR PHYSICAL ABILITY TO PRACTICE MEDICINE IN A SAFE & COMPETENT MANNER. |
| Date of Action: | DECEMBER 20, 2000 |

| | |
|---|---|
| Complaint Number: | 162001121123 |
| Jurisdiction: | WISCONSIN MEDICAL EXAMINING BOARD |
| Description of Action: | WISCONSIN PLACED RESTRICTIONS ON SUBJECT'S PRACTICE & RESTRICTED THE PRACTICE TO SUPERVISED SETTINGS APPROVED BY THE BOARD. |
| Date of Action: | FEBRUARY 21, 2001 |

Complaint Number: 162001121121
Jurisdiction: NEW YORK STATE BOARD OF MEDICINE
Description of Action: NEW YORK BOARD ACCEPTED THE SURRENDER OF THE SUBJECT'S MEDICAL LICENSE BASED ON ACTION TAKEN BY ANOTHER STATE.
Date of Action: APRIL 16, 2001

Complaint Number: 162002141270
Jurisdiction: PENNSYLVANIA STATE BOARD OF MEDICINE
Description of Action: SUSPENSION OF PENNSYLVANIA MEDICAL LICENSE.
Date of Action: NOVEMBER 19, 2002

**Felony Convictions**
No records returned

**Administrative Citation Issued**
No records returned

**Hospital Disciplinary Actions**
No records returned

**Arbitration Award/Malpractice Judgment**
No records returned

## Education

**Medical School:** NATIONAL AUTONOMOUS UNIVERSITY OF MEXICO FACULTY OF MEDICINE

**Year Graduated:** 1979

*All information provided by the Department of Consumer Affairs on this web page, and on its other web pages and internet sites, is made available to provide immediate access for the convenience of interested persons. While the Department believes the information to be reliable, human or mechanical error remains a possibility, as does delay in the posting or updating of information. Therefore, the Department makes no guarantee as to the accuracy, completeness, timeliness, currency, or correct sequencing of the information. Neither the Department, nor any of the sources of the information, shall be responsible for any errors or omissions, or for the use or results obtained from the use of this information. Other specific cautionary notices may be included on other web pages maintained by the Department. All access to and use of this web page and any other web*

*page or internet site of the Department is governed by the Disclaimers and Conditions for Access and Use as set forth at California Department of Consumer Affairs' Disclaimer Information and Use Information.*

Back

**Def App 010**

# Status Definition

License renewal fee has not been paid. No practice is permitted.

Def App 011

# Status Definition

Practice is limited to military service including military dependants.

Def App 012

# Status Definition

Limitations have been placed on the physician's practice.

# Status Definition

Probation is the result of disciplinary action. Probation is ordered for a specified period of time during which the physician must comply with specified terms and conditions and report to a Board probation monitor. Practice is permitted unless otherwise specified. Probation has not been completed.

**Def App 014**

Case 1:05-cv-01333-CCM Document 16-2 Filed 09/07/2006 Page 16 of 29

# Status Definition

Another state or the federal government has disciplined licensee.

**Def App 015**



State of Wisconsin
Department of Regulation & Licensing
" Ensuring the availability of safe and competent professional services "

Home Login About DRL Site Map Contact DRL FAQ

search

Real Estate & Direct Licensing Business & Design Health Service Professions Health Professions All Boards

location: License lookup > Health professionals > Details

## Health professional details

Name: **WEBSTER MD, WILMA PAULINE.**

License number:26210

Location: ROSAMOND, CA 93560

*Additional information:*

View payment history

Profession: **Medicine and Surgery, MD (20)**

Current through: 31-OCT-2001
Status: LIMITED
Eligible to practice: For further information see order(s) below
Granted on: 01-JUL-1984
Discipline: Yes
Specialty description: INTERNAL MEDICINE

Consistent with JCAHO and NCQA standards for primary source verification.

### Discipline/Orders

| Hearing ID | Order date | Subject |
|---|---|---|
| LS0102214MED | 21-FEB-2001 | FINAL DECISION & ORDER |

Wisconsin Department of Regulation & Licensing. All Rights Reserved.
Disclaimer | Privacy Statement

Def App 016

STATE OF WISCONSIN

BEFORE THE MEDICAL EXAMINING BOARD

IN THE MATTER OF THE DISCIPLINARY

PROCEEDINGS AGAINST:

WILMA PAULINE WEBSTER, MD, RESPONDENT

FINAL DECISION AND ORDER

LS0102214MED

Division of Enforcement Case File No. 00 MED 034

The parties to this action for the purposes of section 227.53 of the Wisconsin statutes are:

Wilma Pauline Webster

3031 Ontario Court

Rosamond, CA 93560

Medical Examining Board

PO Box 8935

Madison, WI 53708-8935

Department of Regulation and Licensing

Division of Enforcement

PO Box 8935

Madison, WI 53708-8935

The parties in this matter agree to the terms and conditions of the attached Stipulation as the final decision of this matter, subject to the approval of the Board. The Board has reviewed this Stipulation and considers it acceptable.

Accordingly, the Board in this matter adopts the attached Stipulation and makes the following:

FINDINGS OF FACT

**Def App 017**

1. Wilma Pauline Webster, MD (DOB 07/06/41) is duly licensed to practice medicine and surgery in the state of Wisconsin (license #26210.) This license was first granted on July 1, 1984. Dr. Webster practices in the area of emergency medicine.

2. Dr. Webster's most recent address on file with the Wisconsin Medical Examining Board is 3031 Ontario Court, Rosamond, CA 93560.

3. On March 24, 1999, the United States Air Force took adverse action against the practice of Respondent. The Adverse Action Report filed with the National Practitioner Data Bank by the Air Force contains the following Reporter's Description of Action:

> Dr. Webster's clinical privileges in emergency medicine were revoked for a medical condition that could impact her ability to render patient care. Diagnosed with a cognitive disorder that impairs her ability to manage multiple complex tasks simultaneously. The emergency room environment was considered too high risk. In addition, her privileges in family practice medicine were restricted to 100% supervision.

4. Dr. Webster contests the diagnosis and assessment referenced in ¶3 above. However, in resolution of this matter, Dr. Webster consents to the entry of the following Conclusions of Law and Order as a reasonable accommodation, based upon the facts and circumstances of this case.

## CONCLUSIONS OF LAW

1. The Wisconsin Medical Examining Board has jurisdiction to act in this matter, pursuant to sec. 448.02(3), Stats. and is authorized to enter into the attached Stipulation and Order, pursuant to sec. 227.44(5), Stats.

2. The conduct described in paragraph 3, above, constitutes unprofessional conduct within the meaning of Wis. Admin. Code § Med 10.02(2)(q).

## ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that the Wisconsin license of Wilma Pauline Webster (license #26210) is LIMITED as follows:

1. Dr. Webster shall refrain from the practice of emergency medicine Wisconsin [or the practice of emergency medicine elsewhere under the use of her Wisconsin license].

2. Dr. Webster shall restrict her practice under her Wisconsin license to the areas of a) family practice; b) primary care; and c) aerospace medicine.

3. Dr. Webster shall practice in Wisconsin only under supervision acceptable to the Board within a scope of practice acceptable to the Board.

  a. Dr. Webster shall submit and obtain approval by the Board of a plan of practice and plan of supervision prior to engaging in the practice of medicine in Wisconsin. In conjunction with a request for approval filed pursuant to this paragraph, the Board may in its discretion require Dr. Webster to provide the results of current physical, neurological/psychiatric assessments from sources acceptable to the Board attesting to Dr. Webster's ability to safely and competently practice medicine and surgery.

    i. Dr. Webster shall obtain Board approval of the assessor prior to the assessment being performed.

    ii. The assessment shall reflect that the assessor has received and reviewed copies of this Order and Division investigative materials regarding Dr. Webster. In addition, the assessment shall reflect that the assessor has received and reviewed a complete history of Dr. Webster's prior physical, neurological and mental health assessments from 1990 to the time of the current assessment.

    iii. The assessor shall submit a written report of his or her findings directly to the Department Monitor, including: a diagnosis of Dr. Webster's condition; recommendations (if any) for treatment; an

evaluation of Dr. Webster's level of cooperation in the assessment process; ability to work and work restriction recommendations; and Dr. Webster's prognosis.

iv. To be considered current, the assessment(s) shall have occurred within sixty (60) days from the date of its (their) submission. Respondent shall be responsible for all expenses incurred for assessments and evaluations obtained pursuant to this order.

b. Supervision shall include, but not be limited to: 100 per cent chart review by a licensed physician pre-approved by the Board for this purpose. Dr. Webster shall practice in a group practice or institutional setting under supervision by other licensed physicians in good standing with the Board

c. Failure to approve a proposed plan of supervision under this paragraph shall not constitute denial of a license and shall not give rise to a contested case within the meaning of. secs. 227.01(3) and 227.42, Wis. Stats.

4. Dr. Webster shall report to the Board any change in employment status, change of residence address or phone number, within fifteen (15) days of any such change.

5. Dr. Webster shall arrange for quarterly reports from her Wisconsin employer(s) reporting the terms and conditions of her employment and evaluating her work performance. These reports shall be submitted to the Department Monitor in the Department of Regulation and Licensing, Division of Enforcement. An employer shall report immediately to the Department Monitor any violation or suspected violation of. Ch. 48, Wis. Stats. [Medical Practices].

**Department monitor**

6. The Department Monitor is the individual designated by the Board as its agent to coordinate compliance with the terms of this Order, including receiving and coordinating all reports and petitions. The Department Monitor may be reached as follows:

Department Monitor

Department of Regulation Division of Enforcement

PO Box 8935

Madison, WI 53708-8935

FAX (608) 266-2264

TEL. (608) 261-7938

**7. Violation of any of the terms of this Order or the conditions imposed as a result of this Order shall be construed as conduct imperiling public health, safety and welfare and may result in a summary suspension of Dr. Webster's license.**

8. This Order shall become effective on the date of its signing.

MEDICAL EXAMINING BOARD

By: Sidney Johnson 2-21-01

A Member of the Board Date

Case 1:05-cv-01333-CCM Document 16-2 Filed 09/07/2006 Page 22 of 29

Department of Community Health | Michigan.gov

Michigan.gov Home | MDCH Home | Sitemap | Contact MDCH | Search

## VERIFY A LICENSE/REGISTRATION

### Name and Address

**Name :** WILMA P WEBSTER
**Address :** Rosamond, CA 93560

### Profession and License/Registration Information

**Profession :** Medicine **Type :** Medical Doctor

| Permanent ID # | Status | Issue Date | Expiration Date |
|---|---|---|---|
| 4301044199 | Lapsed - Disciplinary Limited | 10/02/1981 | 01/31/2003 |

### Complaint(s)

**Open Formal Complaints**
None

### Disciplinary Action

| Disciplinary Action | Date of Action |
|---|---|
| Probation | 12/20/2000 |
| Limited / Restricted | 12/20/2000 |

New Search Return to Search The data on this web page is refreshed daily.

Michigan.gov Home | MDCH Home | Site Map | Contact MDCH | State Web Sites
Privacy Policy | Link Policy | Accessibility Policy | Security Policy
Copyright © 2001-2006 State of Michigan

Def App 021

FOR IMMEDIATE RELEASE

CONTACT: Allison Hrestak or

Jill Goodrich (717) 783-1621

## State Health Licensing Boards Release Actions - (March 7, 2003)

HARRISBURG (Mar 7) –The Department of State's Bureau of Professional and Occupational Affairs today announced 215 disciplinary actions taken by the following state boards between July and December 2002: Chiropractic; Dentistry; Medicine; Nursing Home Administrators; Occupational Therapy; Optometry; Osteopathic Medicine; Pharmacy; Physical Therapy; Podiatry; Psychology; Social Workers, Marriage and Family Therapists and Professional Counselors; and Veterinary Medicine.

Actions were taken against individuals or firms in the following counties: Adams (2 actions); Allegheny (23 actions); Beaver (2 actions); Bedford (1 action); Berks (1 actions); Blair (2 actions); Bucks (10 actions); Cambria (1 action); Carbon (2 actions); Centre (1 action); Chester (6 actions); Clearfield (1 action); Cumberland (5 actions); Dauphin (6 actions); Delaware (11 actions); Elk (1 action); Erie (7 actions); Fayette (2 actions); Greene (2 actions); Lancaster (5 actions); Lawrence (1 action); Lebanon (2 actions); Lehigh (5 actions); Luzerne (5 actions); McKean (2 actions); Mifflin (1 action); Monroe (1 action); Montgomery (14 actions); Northampton (1 action); Philadelphia (15 actions); Pike (2 actions); Snyder (2 actions); Susquehanna (1 action); Warren (1 action); Washington (1 action); Westmoreland (3 actions); Wyoming (1 action); York (3 actions). A total of 63 actions involved Pennsylvania licenses with out-of-state addresses.

###

## STATE HEALTH LICENSING BOARDS RELEASE ACTIONS

### The State Board of Chiropractors imposed the following sanctions:

Jonathan M. Masorti, D.C., license no. DC-003788-L of State College, Centre County, was suspended for two and a half years, provided however, that after six months of active suspension, the remainder of the suspension shall be stayed in favor of probation, and ordered to pay a civil penalty of $2,000, because Masorti pled guilty to a crime in the practice of chiropractic. (07-25-02)

Sean E. Wise, D.C., license no. DC-006738-L of Selinsgrove, Snyder County, was ordered to pay a civil penalty of $500, because Wise represented that he was licensed to perform physical therapy without being licensed under the Physical Therapy Practice Act. (07-25-02)

concurrent with his New York probation, because he had his license to practice the profession disciplined by the proper licensing authority of another state. (12/6/02).

Lisa G. Keefer, license no. DH-010284-L of Plains, Luzerne County, was assessed a $275.00 civil penalty based on Respondent's failure to submit proof of completion of at least twenty (20) hours of continuing education. In addition, Respondent shall complete and submit proof of completion of 5.5 hours of approved continuing education within six (6) months of the date of the Order. A public reprimand will also be placed on Respondent's permanent Board record. (12-06-02)

Kevin Thomas Kilcoyne, license no. DS-024733-L, of Upper Darby, Delaware County, was assessed a $1,650 civil penalty based on Respondent's failure to submit proof of completion of at least 30 hours of continuing education. In addition, Respondent shall successfully complete and submit proof of completion of 22 hours of approved continuing education within 6 months of the date of the Order. A public reprimand will also be placed on Respondent's permanent Board record. (12-6-02)

Sharon Sickler, license no. DH-003268-L, of Tunkhannock, Wyoming County, was assessed a civil penalty of $350.00, based on practicing as a dental hygienist on an expired license. (12-06-02)

**The State Board of Medicine imposed the following sanctions:**

Tatia Lynn Ford, license no. MA-002916-L, of Pittsburgh, Allegheny County, was ordered to pay a civil penalty in the amount of $200 for practicing on an expired license. (05-20-02)

Dulal Bhattacharjee, license no. MD-054622-L, of Stroudsburg, Monroe County, was automatically suspended based on his conviction of a felony under the Controlled Substance, Drug, Device and Cosmetic Act. This order was appealed to Commonwealth Court. (05-23-02)

Alan S. Fine, license no. MD-032815-E, of Simsbury, CT, was reprimanded and assessed a civil penalty in the amount of $1,000.00, because his license had been disciplined by the proper licensing authority of another state. (05-29-02)

Satnam Singh Uppal, license no. MD-036878-L, of Merced, CA, was indefinitely suspended based on the fact that his license was disciplined by the proper licensing authority of the state of California. (6-11-02)

Marshall M. Johnson Jr., license no. MD-023921-L, of Pittsburgh, Allegheny County, was revoked based on the fact that he practiced medicine without professional liability insurance. (6-10-02)

Jacod Tasher, license no. MD-042922-L, of Amsterdam, NY, was indefinitely suspended based on the fact that his license had been disciplined by the proper licensing authority of another state. (06-28-02)

Joseph F. Lindsey, unlicensed, of Erie, Erie County, was denied a license to practice as a respiratory therapist based on the fact that he was convicted of a felony relating to a controlled substance in another state. (06-25-02)

Sami I. Michael, M.D., license number MD-029590-L of Steubenville, Ohio, agreed to the permanent voluntary surrender of his license, because he was convicted of a felony relating to a health profession in a Federal court and had disciplinary action taken against his license by the proper licensing authority of another state. July 10, 2002.

Philip Stanley Horner, M.D., license no. MD-031845-E, of Concord, New Hampshire permanently voluntarily surrendered his license to practice medicine and surgery based on his criminal conviction for felonious sexual assault and his voluntary surrender of his New Hampshire medical license. (7-10-02)

Jose A. Barrios, M.D., license no. MD-040675-L, of Lakeworth, Florida permanently voluntarily surrendered his license to practice medicine and surgery based upon his having a disciplinary action taken by the licensing authority in Florida. (7-10-02)

Margo Turner, M.D., license no. MD-025368-E of Dresher, Montgomery County, will be indefinitely suspended for no less than two months, the first month to be active, specifically from August 11, 2002 through August 24, 2002 and November 16, 2002 through November 30, 2002, with the remainder of the suspension to be stayed in favor of no less than two (2) years probation. She was also assessed a civil penalty of $10,815.00. The discipline is a result of her failure to maintain the required amount of professional liability insurance and pay the surcharge for the period from September 30, 1996 through April 24, 2000. (07-10-02)

Michael Francis Hagerty, M.D., license no. MD-029890-E, of Pittsburgh, Allegheny County, had his license suspended indefinitely for no less than 4 years with the suspension stayed in favor of probation of no less than 4 years, because he is unable to practice the profession with reasonable skill and safety to patients by reason of illness, addiction to drugs or alcohol, or mental impairment. In addition, he was ordered to pay a civil penalty of $2,000.00. (July 10, 2002)

Syed M.A. Ethisham, license no. MD-039133-L, of Bath, NY, voluntarily and permanently surrendered his license and shall be permanently precluded from petitioning the Board for activation of his license, because he had disciplinary action taken against his license by the proper licensing authority of another state. (July 10, 2002)

Gregory X. Boehm, M.D., license number MD-043828-E of Olmstead, Ohio, was assessed a $2,000.00 civil penalty and indefinitely suspended until at least December 31, 2002, because he pled guilty to a felony in a federal court, was disciplined by the proper

licensing authority of another state, made misleading, deceptive, untrue or fraudulent representations in the practice of medicine, and charged a patient or third party payor for medical services not performed. July 10, 2002.

James Thomas Hicks, license no. MD-005143-E, of Frenchville, Clearfield County, was suspended based disciplinary action taken against him by another state licensing board. (7-15-02)

Teresita Floro, license no. MD-041588-E, of St. Peter, MN, license was suspended until such time as she can establish that her license has been reinstated without restriction in the state of Minnesota. (7-31-02)

Robert P. Wilhelm, certificate no. MA-002139-L, of Willow Grove, Montgomery County, was reprimanded and imposed a civil penalty of $500 based on the fact that he continued to practice as a physician assistant when he did not a possess a current certificate. (08-07-02)

Robert P. Wilhelm, certificate no. MA-002139-L, of Willow Grove, Montgomery County, was reprimanded and imposed a civil penalty of $500 based on the fact that he continued to practice as a physician assistant when he did not a possess a current certificate. (08-07-02)

David Jeal, license no. MD-023874-E, of Glendale, AZ, was revoked based on the fact that his license has been disciplined by the proper licensing authority of another state. (08-07-02)

Brian L. Shrager, license no. MT-046026-T, of Philadelphia, Philadelphia County, was automatically suspended based on the fact that he was found guilty of a misdemeanor under the Controlled Substance, Drug, Devise and Cosmetic Act. (8-13-02)

Moshe Hachamovitch, license no. MD-029826-E, of Scarsdale, NY, was suspended based on the fact this his license was disciplined by the proper licensing authority of another state. (08-22-02)

James Louis Lear, M.D., license number MD-037882-L, of Littleton, Colorado voluntarily surrendered his license to practice medicine and surgery based upon his having a disciplinary action taken by the licensing authority in Colorado. Dr. Lear may apply for reinstatement in Pennsylvania after one year, and must meet terms and conditions before the Board may grant reinstatement of his license. (8-27-02)

Nari T. Sadarangani, M.D., license number MD-017643-E, of Springfield, Tennessee, voluntarily surrendered his license to practice medicine because he has had disciplinary action taken against his license by the proper licensing authority of another state. (8-27-02).

Joseph P. Walsh, P.A., license number MA-001945-L, of Souderton, Montgomery County, was assessed a $500.00 civil penalty upon his physician assistant license based on his having practiced for one year while his license to practice had lapsed. (8-27-02)

Joseph Carlucci, license no. MD-028491-E, of Sebastian, FL, was automatically suspended based on his conviction of a felony under the Controlled Substance, Drug, Device and Cosmetic Act. This order was appealed to Commonwealth Court. (09-11-02)

David Harmon, license no. MD-066492-L, of Philadelphia, Philadelphia County, was automatically suspended based on the fact that he was found guilty of a felony under the Controlled Substance, Drug, Device and Cosmetic Act. (9-11-02)

Wesley Collier, license no. MD-023369-E, of Camp Hill, Cumberland County, was automatically suspended based on his conviction of a felony under the Controlled Substance, Drug, Device and Cosmetic Act. (09-12-02)

Sellal Ahmed, license no. MD-068152-L, of Bradenton, FL, was indefinitely suspended, retroactive to January 23, 2001, based on the fact that his license was disciplined by the proper licensing authority of another state. (09-12-02)

Marvin H. Balistocky, license number MD-003872-E, of Norristown, Montgomery County, permanently and voluntarily surrendered his license to practice the profession because he was convicted of a felony in a Federal court. (9/24/02).

William B. Huey, M.D., license no. MT-046350-T, of Germantown, Maryland, permanently surrendered his license to practice medicine because of disciplinary action taken by the State of Georgia against his Georgia license. (9-24-02)

Joseph E. Robinson, M.D., license no. MD-058580-L, of Hammondsport, New York, was placed on probation with terms because the State of New York placed his license on probation with terms. (9-24-02)

Jesse D. Mitchell, M.D., license no. MD-042878-E, of Newport, California, was reprimanded because of disciplinary action taken by the California Medical Board against his California license. (9-24-02)

Gerald Reisinger, unlicensed, of Kingston, Luzerne County, was assessed a $3,000.00 civil penalty and ordered to cease and desist from engaging in the practice of medicine and surgery and holding himself out as authorized to practice the profession in Pennsylvania because he is not licensed to do so. (10/18/02).

Luis M. Zavala-Roman, M.D., a.k.a.Luis Manuel Zavala, license no. MD-026291-E, of San Jose, California, was reprimanded and assessed a civil penalty of $1,000 because the California Medical Board took disciplinary action against his California license. (10-18-02

Susan A. Boss, license number MA-001776-L, of Pittsburgh, Allegheny County, was assessed a public reprimand and $250.00 civil penalty because she practiced as a physician assistant while her license was expired. (11/19/02).

Walter F. O'Donnell, M.D., license number MD-012177-L, of Pittsburgh, Allegheny County, was assessed a public reprimand and $1,000.00 civil penalty, because he failed to monitor compliance of all parties to written agreements with the standards contained therein relating to physician assistants. (11/19/02).

Marianne Idilko Webster, M.D., license no. MD- 064698-L, of Lebanon, Lebanon County, consented to a five-year suspension of her license to practice medicine and surgery, stayed in favor of no less than five years of probation under certain terms and conditions designed to assure her ability to practice with reasonable skill and safety to patients. (11-19-02)

Wilma P. Webster, of Rosamond, California, license no. MD-032126-E, was suspended until all conditions are removed from her Wisconsin medical license. (11-19-02)

Michael D. Cunningham, license no. MD-057662-L, of Glen Spey, New York, was suspended until all conditions and terms are removed from his New York license because the State of New York took disciplinary action against his license. (11-19-02)

Laureano M. Manuel, license no. MD-034161-L, of Camp Hill, Cumberland County, was automatically suspended based on his conviction of a felony under the Controlled Substance, Drug, Device, and Cosmetic Act. (12-5-02)

Ann E. Ballen, M.D., license number MD-072581-L, of Miami, Florida, was assessed a public reprimand and $2,000.00 civil penalty, because she has had disciplinary action taken against her license by the proper licensing authority of another state and failed to report to the Pennsylvania Board. (12/17/02).

Pamela T. Frazier, license no. MD-027483-E of Scottsdale, Arizona had disciplinary action taken against her license by the proper licensing authority of another state. (12-17-02)

Frederick Gordon Ho-A-Lim, license no. MD-042461-E of Beachwood, Ohio was placed on a 1-year period of probation. This action is based upon Mr. Ho-A-Lim having disciplinary action taken against his license by the proper licensing authority of another state. (12-17-02)

Richard G. Manning, M.D., license number MD-041449-L, of Harrisburg, Dauphin County, was revoked because he plead guilty to a misdemeanor relating to a health profession and was guilty of immoral or unprofessional conduct. (12/17/02).

Kimberly K. Ramsey, unlicensed, of Charleroi, Washington County, was assessed a $250.00 civil penalty because she practiced medicine and surgery, purported to practice

medicine and surgery and held herself forth as authorized to practice medicine and surgery when not licensed to do so. (12/17/02).

Itai Ted Rozovsky, license no. MD-035598-E of Cherry Hill, New Jersey was assessed a civil penalty of three hundred fifty dollars ($350.00) and a public reprimand placed in his permanent Board record based on Mr. Rozovsky having disciplinary action taken against his license by the proper licensing authority of another state. In the event that Dr. Rozovsky renews his license in the Commonwealth of Pennsylvania, the license is placed on probation for a period of one (1) year. (12-17-02)

**The State Board of Nursing Home Administrators imposed the following sanctions:**

Christine Ann Daoularis, of York, York County, was denied admission to the nursing home administration examination, because her master's degree did not include a preponderance of courses in long term care or health facility administration as part of the course work, as required by the section of the Board's regulations under which she applied. This denial is without prejudice for Applicant to reapply for licensure by examination upon meeting the requirements of the Nursing Home Administrators License Act and Board regulations. (10-16-02)

**The State Board of Occupational Therapy imposed the following sanctions:**

Joseph M. LaPera, Jr., O.T., license no. OC-005706-L of Philadelphia, Philadelphia County, agreed to voluntarily surrender his license to practice occupational therapy for no less than five (5) years because he was found guilty of four (4) counts of indecent assault and one (1) count of corruption of minors in the Court of Common Pleas, Criminal Division, Chester County. The State Board of Occupational Therapy accepted the surrender on July 12, 2002. (7-12-02)

Jeanne Brown, license no. OC-004218-L, of Huntingdon Valley, Montgomery County, was indefinitely suspended for no less than three years, with suspension to be immediately stayed in favor of no less than three (3) years probation in the Bureau of Professional and Occupational Affairs Professional Health Monitoring Program, based on being guilty of unprofessional conduct. (07-12-02)

Jodi L. Moore, of Kane, McKean County, was issued a license to practice occupational therapy subject to two years probation with conditions based on her guilty plea to two felonies and a misdemeanor. (07-16-02)

Donna E. Boulanger, O.T., license no. OC-004304-L of Reading (Sinking Spring), Berks County, was assessed a civil penalty of $1,000.00 by practicing as an occupational therapist in Pennsylvania from June 30, 2001 through June 18, 2002, while her license was expired. (11-22-02)